In re C. W. ASCHENBACH CO.

(Circuit Court of Appeals, Second Circuit. November 9, 1909.)

No. 85.

BANKRUPTCY (§ 54*)—INVOLUNTARY PROCEEDINGS—EVIDENCE OF INSOLVENCY.

A merchant, who was indebted, but solvent, took a partner, to whom he sold a half interest in his stock, but not in his credits, receiving payment therefor, and applying the amount on his debts, which were not assumed by the firm. Later the partners organized a corporation, to which the firm property and business were transferred. Held that, in bankruptcy proceedings against the corporation, the petitioners could not, for the purpose of proving its insolvency, charge it with liability for the outstanding

---

*For other cases see same topic & § NUMBER in Dec.' & Am. Digs. 1907 to date, & Rep'r Indexes

individual debts of the first owner of the business, the holders of which made no claim against the corporation, and for which it was in no way liable; the several transactions having been in good faith and without fraud.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 84; Dec. Dig. § 54.*]

Petition to Review and Appeal from Order of the District Court of the United States for the Southern District of New York.

In the matter of the C. W. Aschenbach Company, alleged bankrupt. On petition of David G. Way and others to review an order dismissing the petition in bankruptcy. Affirmed.

The petition for review and the appeal present the question whether the petition in involuntary bankruptcy filed by the creditors of the alleged bankrupt was properly dismissed by the District Court. The petition was filed April 2, 1909, by three creditors alleging that the C. W. Aschenbach Company was insolvent and had committed an act of bankruptcy, "in that it transferred while insolvent, some portion of its property to one or more of its creditors with intent to prefer such creditors over its other creditors of the same class and that among such creditors was the firm of Kopf-Engel Company of New York City, to whom said C. W. Aschenbach Company paid the sum of $15 or more during the last thirty days." On April 6th the alleged bankrupt filed an answer denying insolvency and that it had made any preferential payments or transfers of property while insolvent, or with intent to hinder, delay or defraud its creditors. The issues thus raised were referred to a special master to take testimony and report to the court with all convenient speed. On April 19, 1909, the special master reported that the Aschenbach corporation was at all times solvent. The District Court thereafter confirmed the report and dismissed the petition.

The special master finds, inter alia, as follows: Charles W. Aschenbach was engaged in business alone prior to July, 1908, at 65 Murray street, N. Y. City. At that time his debts amounted to about $30,000, and the merchandise which he had on hand was valued at about $20,000, and he had accounts receivable in the aggregate of about $15,000. In that month he sold half of his interest in the merchandise to one Thomas Smith for the sum of $10,000, reserving to himself all of the receivables, and entered into an agreement with Smith, that he would take care of all the outstanding liabilities. This copartnership of Aschenbach & Smith continued until October, 1908, when a corporation was formed to take over the business of the copartnership, and the business was transferred to the corporation, it paying for the same by certificates of stock of the new corporation, and subsequent to that time in February, 1909, those who took the stock sold it to the present stockholders of the alleged bankrupt corporation. The testimony fails to show that at any time Aschenbach had reason to believe that he was not entirely solvent. The incoming partner, Smith, paid a fair price for the assets of the firm. Aschenbach paid off his outstanding liabilities with the $10,000 received from Smith as far as it would go. No fraud was shown. It is conceded that the claims of Aschenbach's creditors are not provable debts against the alleged bankrupt and cannot be taken into consideration in ascertaining its liabilities.

Henry Hoelljes (Walter Carroll Low, of counsel), for appellants.

Cohen, Creevey & Richter (William S. Creevey, of counsel), for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge (after stating the facts as above). The only question to be determined by this review is whether in ascertaining the value of the corporation's assets the sum of $8,250 alleged to be Asch-

enbach's share in the surplus of the firm's property which was transferred to the corporation, is to be deducted. In Du Vivier & Co. v. Gallice, 17 Am. Bankr. Rep. 557, 149 Fed. 118, 80 C. C. A. 556, we held that a corporation organized for the express purpose of taking over the assets of a partnership composed of the same persons to whom all its stock is issued is liable for the partnership debts, even though they were not expressly assumed. No one disputes that this is a correct exposition of the law, the difficulty is that it has no application to the only question now before the court. The same observation may be made as to the rule laid down in Booth v. Bunce, 33 N. Y. 139, 88 Am. Dec. 372—namely, its lack of applicability.

There is no pretense of fraud in the present case. Indeed, the master finds specifically that the formation of the partnership between Aschenbach and Smith was honest, fair and open. He says:

"It must be borne in mind that this is not a transfer by partners who have an individual interest in assets of the firm and have individual debts, and that by such transfer they are seeking to avoid the payment of their individual debts, thereby committing a fraud, but it was the transfer of a man believing himself to be solvent, who, instead of availing himself personally of the benefits of the consideration, uses the whole of the consideration in the payment of his individual debts so far as such consideration would go."

The petitioning creditors are, of course, creditors of the corporation and they seek to have the property which is responsible for their debts reduced by the sum of $8,250 for the benefit of the Aschenbach's individual creditors. By what process of law this is to be done or how they will be benefited if it be done, is not manifest. It may result in an adjudication it is true, but the amount which is now applicable to the debts of the petitioning creditors will be diminished to the detriment of the petitioners and all corporation creditors and the amount stated will be given to Aschenbach's individual creditors who make no complaint and have never attacked the partnership or the corporation as fraudulent or in any manner prejudicial to their rights. The position of the petitioning creditors seems extraordinary, if not inexplicable.

The principal issue referred to the special master arose upon the petition of the corporation creditors and the answer of the alleged bankrupt. This issue was whether the Aschenbach Company was insolvent at the time of the filing of the petition against it. The petitioners seem to proceed upon the theory that the transfer of the property to the firm was fraudulent as to Aschenbach's individual creditors and that the firm, never having title to this property, could not transfer it to the corporation and therefore the corporation is no more entitled to it than it would be to so much stolen property and is liable to refund it to these individual creditors. If the alleged bankrupt can be deprived of its property by such a process of reasoning it is easy to prove insolvency. But it will be observed that this result is reached in a proceeding to which the individual creditors are not parties and relates to transactions of which they have never complained and which have never been judicially declared illegal or void as between the parties.

The contention is also in direct conflict with the master's finding that the previous transfers were entirely free from fraud. If the individual creditors had attacked the transfers and had obtained a decree in a

plenary suit declaring them fraudulent and void, there would be more substantial ground for the present contention. Why the corporation creditors are anxious to transfer to the individual creditors a fund which the latter have not asked for and which they are apparently willing to share with the former we are unable to comprehend, except by imputing to the corporation creditors a broad altruism not often met with in bankruptcy proceedings. We agree with the special master and the court in thinking that the corporation is solvent and free from fraud.

The order confirming the report of the special master and dismissing the petition is affirmed with costs.