## WILSON v. LAGASSE ET AL.

(March 24, 1930. Opinion and Decree.)

Cahn & Cahn, of New Orleans, attorneys for plaintiff, appellee.

Paul W. Maloney, of New Orleans, attorney for defendants, appellants.

JANVIER, J. Plaintiff, holding trade acceptances of Paul Lagasse totaling $125, in an endeavor to collect thereon, brings this suit against Lagasse and also against Paul Lagasse, Inc., a corporation to which it is alleged Lagasse transferred substan-

tially all of his assets in an effort to prevent execution against him individually.

One Louis F. Chapman was also made defendant below under the allegation that he had been a partner of Lagasse prior to incorporation and was therefore liable. We are not concerned now, however, with the question of Chapman's liability, as the judgment below dismissed the suit as to him as in case of nonsuit, and as no appeal was taken from that part of the judgment.

It is alleged that the incorporation of Paul Lagasse, Inc., and the transfer to that corporation of all or substantially all of the assets of Paul Lagasse was done for the purpose of making execution against Paul Lagasse himself impossible. The record shows that Lagasse had been in the lumber and millwork business, that he had certain contracts on hand at the time of the incorporation, and that he had certain open accounts which were due him. So far as we can determine from the record, everything of value connected with his business was transferred to the new corporation, with the result that the creditors of Lagasse were left in the lurch, and, among those creditors, we find the present plaintiff. The corporation was organized by Lagasse, his daughter, and his son-in-law. The incorporation was arranged just prior to the maturity of certain obligations of Lagasse, and there are many other circumstances shown in the record which convince us that the incorporation was a mere sham and a delusion, and was resorted to solely for the purpose of preventing execution by Wilson and other creditors, and we cannot lend the assistance of this court to a scheme of this kind. In Taylor Co. vs. Gulf Land & Lumber Co., 119 La. 426, 44 So. 187, 189, the Supreme Court said:

" 'A reorganization may take place by the formation of a new corporation and the transfer to it of the assets of the old corporation in consideration of the issue of stock of the new company to shareholders of the old; but the rights of creditors cannot be prejudiced thereby.' 10 Cyc. 286."

We find the same doctrine announced in Wolff vs. Shreveport Gas, E. L. & P. Co. et al., 138 La. 743, 70 So. 789, 794, L. R. A. 1916D, 1138, in which Mr. Justice Monroe had the following to say:

"According to the consensus of judicial opinion in this country, a newly organized corporation is liable for the debts of an old one, to the business and property of which it has succeeded, where it is shown that the succession was the result of a transaction entered into in fraud of the creditors of the old corporation, or that the circumstances attending the creation of the new, and its succession to the business and property of the old, were of such a character as to warrant the finding that the new, is merely a continuation of the old, corporation. The courts are also agreed that there can be no consolidation of corporations, and no merger of one into another, and particularly of a domestic into a foreign corporation, without legislative authority, general or specific, and the consent of all of the shareholders; that the properties of a corporation constitute a trust fund for the payment of its debts; and that, where there has been a misappropriation of such funds, or (according to the better opinion, as we think) the corporation has been divested thereof by consolidation, merger, reorganization, or 'reincarnation,' not only may the fund be followed, by the aid of equity, for the benefit of the creditor, but he may recover, in an action at law, against the corporation which has taken over such fund, with the business of his debtor.

"There is not the same concurrence of opinion upon the question whether, or under what circumstance, the mere absorption by one corporation of the property and business of another operates as a merger of such other corporation, or subjects the property so absorbed to the claims of

its creditors, or the absorbing corporation to liability for such claims. In the case of a sale, in good faith, of the property and business of a strictly private corporation, duly authorized by its shareholders, to a third person, for an adequate consideration, the property would no doubt pass free of incumbrance, and the creditors would be relegated to the proceeds in the hands of the debtor corporation; but, where the purchaser is a new corporation, composed of the same shareholders as the old, the transaction, in no manner, affects the rights of the creditors of the old corporation, who may proceed for the recovery of the amounts due them against either corporation, or both; and that, whether the claims be founded in contract or tort, since the real debtor, though represented by two corporations instead of one, remains the same, in contemplation of law."

We are unable to see that a corporation which purchases from an individual all or substantially all of his assets, in an effort to prevent the former creditors of the individual from collecting their debts, is in any better situation than is a corporation which purchases all of the assets of a former corporation. In re W. J. Marshall Co. (D. C.) 3 F. (2d) 192; In re Stone-Moore-West Co. (D. C.) 292 F. 1004; In re C. W. Aschenbach Co. (C. C. A.) 174 F. 396; Du Vivier & Co. vs. Gallice (C. C. A.) 149 F. 118; In re A. G. Crosby Co. (D. C.) 199 F. 344; Andres vs. Morgan, 62 Ohio St. 236, 56 N. E. 875, 78 Am. St. Rep. 712; Ziemer vs. C. G. Bretting Mfg. Co., 147 Wis. 252, 133 N. W. 139, Ann. Cas. 1912D, 1275.

The judgment in favor of plaintiff and against Paul Lagasse and Paul Lagasse, Inc., was correct, and it is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed.