"On n'a pas davantage à considérer l'époque à laquelle la donation a pu être consentie.

"Qu'elle ait été faite avant ou depuis la naissance du reservataire, avant ou depuis son adoption, s'il s'agit d'un enfant adoptif, avant ou depuis sa reconnaissance, s'il s'agit d'un enfant naturel, elle doit, dans tous les cas, être fictivement réunie aux biens extants."

A literal translation of this comment is exactly in accord with the prevailing opinion which is being rendered in this case, viz.:

We do not have to consider the time at which the donation is made.

Whether it has been made before or since the birth of the forced heir, or before or since his adoption if an adopted child is concerned, or before or since his acknowledgment if a natural child is concerned, they (the donations) must, in every case, be fictitiously added to the remaining property.

160 So. 626

## SUPERIOR OIL CO. v. BALTAR et al.

### No. 32836.

March 4, 1935.

Rehearing Denied April 1, 1935.

John H. Hammel, Jr., of New Orleans, for appellant.

Curtis, Hall & Foster, of New Orleans, for appellee Jacinto Realty Co. Inc.

ROGERS, Justice.

William W. Baltar, a resident of Mississippi, died intestate on July 20, 1928, leaving property both in Mississippi and Louisiana. The estate in Mississippi was administered in the chancery court of Harrison county, and in that proceeding the claim of the Superior Oil Company, a Mississippi corporation, was probated and allowed as provided by the laws of that state. As the estate in Mississippi was insolvent, the Superior Oil Company received a payment of $477.73 on its total claim of $3,821.84, leaving a balance due of $3,344.11.

The estate of the decedent in Louisiana consisted of his undivided one-fifth interest in certain real estate situated in the city of New Orleans; the other undivided four-fifths interest being owned by parties who are not involved in this litigation. On September 7, 1932, by a judgment of the civil district court for the parish of Orleans, the decedent's six children, all of whom are residents of Mississippi, having accepted his succession unconditionally, were placed in possession of the decedent's undivided one-fifth interest in the proportion of an undivided one-thirtieth interest to each of them in the real estate situated in New Orleans.

On October 17, 1932, the six children and heirs of the decedent organized a Louisiana corporation under the name of the Jacinto Realty Company, Inc., and on the same day each of the incorporators transferred to the newly created corporation, in payment for the shares of stock for which he or she had sub-

scribed, his or her undivided one-thirtieth interest in the New Orleans property which the incorporators had inherited from their deceased father. The charter of the Jacinto Realty Company, Inc., was filed for record in the mortgage office of the parish of Orleans on October 17, 1932, and on the same day the act of sale by the Baltar heirs to the corporation was registered in the conveyance office of that parish.

On the following day, October 18, 1932, alleging that by accepting his succession the six children of William W. Baltar had become personally responsible for his debts, the Superior Oil Company, Inc., brought suit against them in the civil district court for the parish of Orleans, to recover $3,344.11, which was the balance due on its claim against William W. Baltar, and, on the allegation that the defendants were nonresidents, plaintiff asked for the attachment of the New Orleans property which defendants had inherited from their father. Two days later, October 20, 1932, having learned of the organization of the Jacinto Realty Company, Inc., and the transfer to the corporation of the property which the Baltar heirs owned in New Orleans, plaintiff filed a supplemental petition in which it prayed for an attachment of the property of the Jacinto Realty Company, Inc., and for a judgment in solido against that company and the Baltar heirs.

The Jacinto Realty Company, Inc., excepted to plaintiff's petition as disclosing no cause of action, and the curator ad hoc appointed to represent the absent defendants excepted to the jurisdiction of the court ratione personæ. Both exceptions were maintained by the trial judge, and plaintiff's suit was dismissed. From this judgment plaintiff has appealed.

■■ There can be no dispute with the legal proposition that the assets of the succession of William W. Baltar were the common pledge of the decedent's creditors (Civ. Code, arts. 1968, 1969, 3183), nor with the proposition that, by unconditionally accepting the succession and taking possession of its assets, the Baltar heirs became personally bound, each for his or her virile share, for the debt due by their father to plaintiff (Civ. Code, arts. 1425, 1427).

■■ The gravamen of plaintiff's complaint, as disclosed by the allegations of the petition, is that the acts of the Baltar heirs were done with the intent of depriving plaintiff of its eventual rights on the property of its debtor. Plaintiff specifically alleges that the Baltar heirs had knowledge of its claim against the succession of their father, of the attempts made to amicably settle the claim, and of the suit which was to follow in default of such settlement; that they organized the Jacinto Realty Company, Inc., the capital stock of which was divided equally among them, and transferred to that corporation all the property which they had inherited from their father, for the purpose of avoiding the consequences of plaintiff's suit and of making impossible of execution any judgment which plaintiff might obtain therein; that the Jacinto Realty Company, Inc., merely succeeded to the rights of ownership enjoyed by the Baltar heirs in the property; and that under the law the corporation thereby assumed the debt due to plaintiff by its incorporators and became liable in solido with them for its payment.

The case as presented under the allegations of the petition falls within the doctrine announced by this court in Taylor Co. v. Gulf Land & Lumber Co., 119 La. 426, 44 So. 187, and Wolff v. Shreveport Gas, E. L. & P. Co., 138 La. 743, 70 So. 789, 794, L. R. A. 1916D, 1138, which was followed by the Court of Appeal for the parish of Orleans in Wilson v. Lagasse, 12 La. App. 704, 127 So. 17.

In Taylor Co. v. Gulf Land & Lumber Co., it was held that the rights of creditors could not be prejudiced by the formation of a new corporation and the transfer to it of the assets of an old corporation in consideration of the issue of the stock of the new company to the shareholders of the old company.

In Wolff v. Shreveport Gas, E. L. & P. Co., this court, in announcing the same doctrine, said:

"According to the consensus of judicial opinion in this country, a newly organized corporation is liable for the debts of an old one, to the business and property of which it has succeeded, where it is shown that the succession was the result of a transaction entered into in fraud of the creditors of the old corporation, or that the circumstances attending the creation of the new, and its succession to the business and property of the old, were of such a character as to warrant the finding that the new, is merely a continuation of the old, corporation. The courts are also agreed * * * that the properties of a corporation constitute a trust fund for the payment of its debts; and that, where there has been a misappropriation of such funds, or (according to the better opinion, as we think) the corporation has been devested thereof by consolidation, merger, reorganization, or 'reincarnation,' not only may the fund be followed, by the aid of equity, for the benefit of the creditor, but he may recover, in an action at law, against the corporation which has taken over such fund, with the business of his debtor.

"There is not the same concurrence of opinion upon the question whether, or under what circumstance, the mere absorption by one corporation of the property and business of another operates as a merger of such other corporation, or subjects the property so absorbed to the claims of its creditors, or the absorbing corporation to liability for such claims. In the case of a sale, in good faith, of the property and business of a strictly private corporation, duly authorized by its shareholders, to a third person, for an adequate consideration, the property would no doubt pass free of incumbrance, and the creditors would be relegated to the proceeds in the hands of the debtor corporation; but, where the purchaser is a new corporation, composed of the same shareholders as the old, the transaction, in no manner, affects the rights of the creditors of the old corporation, who may proceed for the recovery of the amounts due them against either corporation, or both; and that, whether the claims be founded in contract or tort, since the real debtor, though represented by two corporations instead of one, remains the same, in contemplation of law." The court cites numerous authorities in support of its statement of the law.

In Wilson v. Lagasse, the Court of Appeal for the parish of Orleans, applying the doctrine of the Taylor and Wolff Cases, held that, where an individual engaged in the lumber and millwork business organized a corpora-

tion and transferred to the corporation everything of value connected with his business, the corporation was liable for the debts of the incorporator.

In support of its exception, the defendant corporation cites the case of George Advertising Simms Co., Ltd., v. Orleans Metal Bed Company, Ltd., 5 Orleans App. 253, wherein it was held that a creditor of a partnership had no cause of action against a corporation with which the partnership had merged its business in the absence of a written assumption of the debt by the partnership. The cited case was decided by the Court of Appeal for the parish of Orleans in June, 1908. No reference is made in the opinion to the Taylor Case, which was decided by this court in June, 1907. The Simms Case is not in harmony with the Taylor Case and the later cases of Wolff and Wilson. The rule stated in the former case must yield, necessarily, to the rule established and followed in the latter cases.

In view of the decisions in the Taylor, Wolff, and Wilson cases, we are compelled to the conclusion that the trial judge erred in maintaining the exception of no cause of action filed by the Jacinto Realty Company, Inc. On the other hand, we think he properly maintained the exception of the Baltar heirs to the jurisdiction of the court ratione materiæ.

The Jacinto Realty Company, Inc., is a distinct person in law from its incorporators. Plaintiff is not attempting in this suit to annul as fraudulent the sale by the Baltar heirs to the corporation. Plaintiff's action is against the Jacinto Realty Company, Inc., as the assumer in law of the debts of its incorporators, whose property it has received. In such a case plaintiff's action lies either against the corporation or its incorporators, or both. But, as no personal service has been made on the Baltar heirs, who are residents of Mississippi, and as no property of theirs within its territoral jurisdiction has been seized under any process issued by the civil district court for the parish of Orleans, that court is not vested with jurisdiction as to them. Pugh v. Flannery, 151 La. 1063, 92 So. 699. Nor did the court acquire jurisdiction by the appointment of a curator ad hoc to the nonresidents. We know of no law which authorizes a plaintiff who has a cause of action against an absentee to bring him before our courts by causing a curator ad hoc to be appointed to represent him.

For the reasons assigned, the judgment is affirmed so far as it maintains the exception to the jurisdiction of the court ratione personæ filed on behalf of the nonresident defendants. The judgment is annulled so far as it maintains the exception of no cause of action filed by the Jacinto Realty Company, Inc., and it is now ordered that the said exception be overruled and that the case be remanded to the district court for further proceedings consistent with the views herein expressed; all costs incurred by reason of its exception, both in the court below and in this court, to be borne by the Jacinto Realty Company, Inc., all other costs to await the final disposition of the suit.