**SINCLAIR REFINING CO. et al. v. RAYVILLE MOTOR CO., Inc., et al. \***

No. 5020.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1935.

Warren Hunt, of Rayville, for appellants.
Tobin R. Hodge, of Rayville, for appellees.

MILLS, Judge.

The Rayville Motor Company, Incorporated, domiciled at the town of Rayville in Richland parish, adopted a charter on June 26, 1929, under which it was authorized to conduct a general motor driven vehicle garage, sales room, and filling station. Its capital stock was fixed at $15,000, represented by 150 shares, each of a par value of $100. Its stockholders were: C. L. Johnson, Rayville, La., 59 shares; Thomas Roland, Sr., Woodville, Miss., 45 shares; D. H. Wallace, Woodville, Miss., 45 shares; and Grace T. Johnson, Rayville, La., one share. Its business was to be managed by a board of four members, consisting of C. L. Johnson, president, Thomas Roland, Sr., vice president, Grace T. Johnson, secretary-treasurer, and D. H. Wallace. The president was given full power to buy, sell, borrow, and mortgage.

The Wallace-Johnson Motor Company, also of Rayville, incorporated on August 20, 1932, for purposes which, though much amplified, are practically the same. Neither its capital stock nor the value of its shares is fixed in the charter, but a report filed and recorded states that 90 shares of a par value of $50 each were issued and paid for in cash. The stockholders were D. H. Wallace, Woodville, Miss., 27 shares; C. L. Johnson, Rayville, 30 shares; E. A. Jones, Rayville, 6 shares; L. E. Watt, Rayville, 26 shares; Warren Hunt, Rayville, one share. Its board was composed of the following three directors: D. H. Wallace, president; C. L. Johnson, vice president and general manager; and L. B. Watt, secretary-treasurer. The power to buy, sell, borrow, and mortgage is reposed in the vice president, general manager, and secretary-treasurer, without special resolution of the board of directors.

The Rayville Motor Company, Incorporated, continued to operate its business at Rayville until the organization of the second concern. On the day of the incorporation of the latter, the Rayville Motor Company, Incorporated, sold to it, for a cash consideration of $650, its entire garage and office equipment and a selected list of Ford parts; also two used cars and a wrecker. The vendor retained a considerable stock of parts, its merchandise, and all its bills and notes receivable. The reserved parts had a cost value of from $1,000 to $1,200, but are out of date and of much less real value. Though intending to liquidate, it has never been dissolved, functioning only for the purpose of realizing on its bills receivable, selling the parts retained and distributing the proceeds among its creditors. During the course of its operation, it became indebted unto the Goodyear Tire & Rubber Company, Incorporated, in the sum of $400 and to the Sinclair Refining Company in the sum of $170. These concerns brought separate suits against the Rayville Motor Company, Incorporated, and the Wallace-Johnson Motor Company, Incorporated, in solido, to recover these respective amounts, which suits are consolidated for the purpose of trial.

The liability of the latter corporation is based upon the following allegations, which are identical in each petition:

"IV. Your petitioner further represents that the Wallace Johnson Motor Company, Inc., is practically owned by D. H. Wallace, a resident of Woodville, Mississippi, who is president and C. L. Johnson, a resident of Rayville, Louisiana, who is vice-president and general manager, and that the active and general management of the affairs of the said Wallace Johnson Motor Co., Inc., is vested in C. L. Johnson, he to act without any further special authorization of the Board of Directors in carrying on its affairs as is shown by reference to Article 16 of the Charter of Wallace Johnson Motor Co. Inc.

"V. Your petitioner further represents that the Wallace Johnson Motor Co. Inc., was organized in August 1932, for the purpose of taking over the assets of the Rayville Motor Co. Inc., and continuing its business, said Rayville Motor Co. Inc., being insolvent at that time, and that on August 22nd, 1932, the Rayville Motor Co. Inc., purported to sell certain fixtures, tools, automobiles, etc., same being all of the assets of the Rayville Motor Co. Inc., to the Wallace Johnson Motor Co.

Inc., said corporation being under the same management and therefore having knowledge of the insolvency of said vendor, for a purported cash consideration of Six Hundred and Fifty ($650.00) Dollars, receipt of which was acknowledged and acquittance given in the deed. That the said Wallace Johnson Motor Co. Inc., is composed as is shown above, of practically the same parties who owned and composed the Rayville Motor Co. Inc., and that in reality the alleged sale was a mere reorganization or consolidation of the Wallace Johnson Motor Co., Inc., is merely the reincarnation of the Rayville Motor Co. Inc., or in the event that it should be held that the said Wallace Johnson Motor Co. Inc., is not a consolidation or reorganization or reincarnation of the Rayville Motor Co. Inc., then and in that event Petitioner alleges that the Rayville Motor Co. Inc., is in fact merged into the Wallace Johnson Motor Co. Inc., and that said company has acquired all of the old company's assets and business and has left the Rayville Motor Co. Inc., merely a corporate shell, and that the said Wallace Johnson Motor Co. Inc., did not assume any liabilities of the Rayville Motor Co. Inc. That the alleged sale or transaction was without any real consideration and was a mere diversion of the corporate property of the Rayville Motor Co. Inc., to the said Wallace Johnson Motor Co. Inc. That the said Wallace Johnson Motor Co. Inc., having taken over all the assets of the Rayville Motor Co. Inc., without any consideration or any transaction in which any real consideration was paid, is liable for all debts and liabilities of the Rayville Motor Co. Inc..

"VI. Your petitioner further avers, that there is no property movable or immovable belonging to the Rayville Motor Co. Inc., other than that which was attempted to be transferred from the Rayville Motor Co. Inc., to the Wallace Johnson Motor Co. Inc., out of which its claim might be satisfied, and that on the face of said transfer and in fact, said transfer was made for the purpose of defrauding the creditors of Rayville Motor Co. Inc., and particularly your petitioner and that said act did defraud and injure your petitioner.

"VII. Your petitioner avers that the Wallace Johnson Motor Co. Inc., filed its charter on August 22nd, 1932, and that subsequent thereto, your petitioner received payments on the account herein sued upon, from the Wallace Johnson Motor Company, Inc., between the dates of August 23rd, 1932, down to and including November 25th, 1932, aggregating several hundred dollars and since the date of November 25th, 1932, they have refused to make additional payments upon said account, notwithstanding repeated amicable demand."

After due trial there was judgment for plaintiffs as prayed for, from which defendant Wallace-Johnson Motor Company, Incorporated, has appealed.

At the trial plaintiffs offered the two charters, the report, and the bill of sale referred to. C. L. Johnson was called on cross-examination and is the only witness. His testimony stands uncontradicted. He denies that the Rayville Motor Company, Incorporated, was insolvent when it ceased active business on August 22, 1932, or that it is presently so. He admits that, if put up at forced sale, the accounts receivable and automobile parts, which are its only remaining assets, would not bring enough to pay the present indebtedness of about $1,000, but that some of the accounts have been put in judgment, and that, if the assets are opportunely disposed of, they will liquidate all indebtedness. He says that, whereas Thomas Roland, Sr., sold his stock in the Rayville Motor Company, Incorporated, to Watt, a stockholder in the new concern, it played no part in the organization of the latter. He insists that the $650 received was a fair price for the property sold Wallace-Johnson Motor Company, Incorporated; that at the time it ceased business the Goodyear people were notified of its intention and permitted to take back all unsold goods purchased from them; that, beyond taking over the Ford agency, the new concern did not succeed to the business of the Rayville Motor Company, but was an entirely new company organized on a cash and independent basis; that all payments on account made plaintiff companies since August 22, 1932, have been by the Rayville and not the Wallace-Johnson Motor Company.

The charters referred to above show a material difference in the stockholders, amount of stock owned, officers, and the plan of management. The new company did not absorb the old; only purchasing a part of its assets for a real cash consideration.

The allegations relied upon in the quoted articles of the petitions are not borne out by the evidence.

■ The general rule as to liability of a reorganized or consolidated corporation for debts where it purchases the assets of the original concern, as stated in Thompson on Corporations, vol. 8, § 6053, p. 124, is: " * * * That in order to render the purchasing company personally liable for the debts of the selling corporation, it must ap-

pear that: (a) there be an agreement to assume such debts; (b) the circumstances surrounding the transaction must warrant a finding that there was a consolidation of the two corporations, or (c) that the purchasing corporation was a mere continuation of the selling corporation; or (d) that the transaction was fraudulent in fact."

Though counsel for plaintiffs has cited us no authorities, we do not find our jurisprudence in conflict with the above. W. F. Taylor Co. v. Gulf Land & Lumber Co., 119 La. 426, 44 So. 187; Wolff v. Shreveport Gas, Electric Light & Power Co., 138 La. 743, 70 So. 789, L. R. A. 1916D, 1138; Hughes, Sheriff, v. City Trust & Savings Co., 151 La. 313, 91 So. 747; Heard v. Monroe Sand & Gravel Co., 9 La. App. 568, 121 So. 642; Wilson v. Lagasse, 12 La. App. 704, 127 So. 17.

As the proof in these cases does not bring them within any subdivision of the above rule, we conclude that the judgment appealed from is erroneous in so far as it holds the Wallace-Johnson Motor Company, Incorporated, liable for the debts of the Rayville Motor Company, Incorporated, or for costs.

It is accordingly amended by rejecting plaintiffs' demand against the Wallace-Johnson Motor Company, Incorporated, and, as amended, it is affirmed; plaintiffs to pay the cost of appeal.