O’NIBLL, Chief Justice
 

 (dissenting).
 

 I respectfully submit that 'the right of action of a creditor who complains that his debt- or has made a fraudulent transfer of property is governed by articles 1968-1994, being section 7 of chapter 3 of title 4 of book 3 of the Civil Code. The action is commonly called the revocatory action. If the creditor’s right of action, or cause of action, does not conform with these articles of the Civil Code, he has no cause of action. He has no right to hold the transferee of the property liable for his claim, even to the extent of the value of the property transferred, except by the method of annulling the transfer, under the provisions of the Code. I respectfully dissent, therefore, from this declaration in the prevailing opinion about to be rendered in this ease, viz.:
 

 “A creditor’s remedy in eases like this is either to have the transfer of the debtor's property to the corporation set aside as a. fraudulent conveyance or to obtain an order for the seizure of the property in the hands of the corporation as though no transfer had been made,” etc.
 

 It makes no difference, in my opinion, whether the transfer was made to an individual or to a corporation organized by the transferor. The decisions cited in the prevailing opinion in this case disclose that there has been a gradual — and perhaps unconscious — tendency to confuse the rights and remedies which are prescribed in Louisiana’s code of laws with the rights and remedies which prevail elsewhere. The first one of the decisions cited, W. F. Taylor Co. v. Gulf Land & Lumber Co., 119 La. 426, 44 So. 187, 189, which was rendered by a divided court, was not intended to be a departure from the provisions of the Civil Code on this-subject. In that ease the debtor, being a corporation, was merely reorganized into a new corporation, which took over all of the assets and business of the old corporation; and the court quoted and applied the -rule laid down in 10 Cyc. 286, viz.:
 

 “A reorganization may take place by the formation of a new corporation and the transfer to it of the assets of the old corporation in consideration of the issue of stock of the new company to shareholders of the old; but the rights of creditors cannot be prejudiced thereby.”
 

 In the second case cited in the prevailing opinion in this case, Wolff v. Shreveport Gas, Electric Light & Power Co., 138 La. 743, 79 So. 789, L. R. A. 1916D, 1138, the court found that the transaction complained of was, “in effect, a mere reorganization or merger of
 
 *121
 
 the old company into the new.” In other words, the debtor corporation had, in effect, merely changed its name.
 

 In the third case cited, Price v. Florsheim, 174 La. 945, 142 So. 135, the plaintiff brought a revocatory action, under the provisions of the Civil Code, and the judgment which he obtained,- and which was affirmed by this court, merely annulled the fraudulent transfer, in so far as the plaintiff was concerned, and thereby subjected the property to seizure under his judgment. In one paragraph of the syllabus to the report of the case it appears as if the court had decided that the insolvency of the debtor at the time of the fraudulent transfer was a matter of no importance, but the finding of the court was, as the report shows, that the fraudulent transfer left the debtor insolvent.
 

 I did not subscribe to the opinion or decree in Superior Oil Co. v. Baltar (La. Sup.) 160 So. 626,
 
 [1]
 
 decided four weeks ago. 1 apprehend that that decision and this one will be deemed departures from the civil law. I do not undertake to reconcile the two decisions rendered by the Court or Courts of Appeal, and cited in the prevailing opinion in this case, because I deem it sufficient to say, and I say it with great respect, that the decisions of a court of inferior jurisdiction do not control the court having final jurisdiction over its decisions on questions of law, and cannot be cited appropriately as authority on questions of law, in the court-of final jurisdiction.
 

 For these reasons, I respectfully dissent from the ruling in this case.
 

 [1]
 

 181 La. 908.