162 So. 41

**NEW ORLEANS STEVEDORING CO., Inc., v. ALFRED LeBLANC, Inc.**

No. 32946.

May 27, 1935.

W. J. Kearney, Jr., and Montgomery & Montgomery, all of New Orleans, for appellant.

Terriberry, Young, Rault & Carroll, of New Orleans, for appellee.

BRUNOT, Justice.

Alfred LeBlanc was the agent of the Harrison and Luckenbach Lines, in the city of New Orleans. He was also the agent of the plaintiff. It was through this dual agency that the plaintiff performed the stevedoring services for the Harrison and Luckenbach steamers at the Port of New Orleans.

It is shown that prior to the month of May, 1921, Alfred LeBlanc, in his fiduciary capacity, as factor and agent of the plaintiff, received from the Harrison and Luckenbach Lines, for the account of the plaintiff, $17,426.93. On September 16, 1924, approximately three years and five months thereafter, Alfred LeBlanc, Inc., the defendant in this suit, was organized. The capital stock of the corporation was fixed at $10,000, divided into 100 shares of the par value of $100 each. The corporation acquired from Alfred LeBlanc the name, good will, office furniture, and fix-

tures, and all incidental equipment, books, papers, correspondence, and records of all kinds and description owned and used by Alfred LeBlanc in the business conducted by him in his name, for the sum of $18,-500, which sum was paid, and to be paid, by the corporation in the following manner, viz.: First, by the issuance to Alfred LeBlanc of 95 shares of the corporation's capital stock. Second, by the assumption by the corporation of a debt of $9,000 due by Alfred LeBlanc to the Whitney National Bank. On May 16, 1925, eight months after the corporation was organized, Alfred LeBlanc, in his individual capacity, paid the plaintiff, on account of his fiduciary indebtedness to it, the sum of $1,060, and on June 5, 1926, some time more than a year thereafter, he further reduced his indebtedness to the plaintiff by a payment to it of the sum of $1,688. It was not until March 9, 1934, or approximately nine and a half years after the defendant corporation was organized, that this suit was filed, and during that time no demand was made upon the defendant for payment of the balance due plaintiff by Alfred LeBlanc.

We have summarized the facts alleged in the petition.

The defendant excepted to the petition upon the ground that it did not disclose a right or cause of action. The learned judge of the civil district court maintained the exception and dismissed the suit, with costs, and the plaintiff appealed.

The defendant's exceptions of no right and no cause of action are based on three grounds, viz.: First, the suit is against a corporation for an indebtedness alleged to have been incurred by Alfred LeBlanc, individually. Second, plaintiff's remedy, if any, is the revocatory action. Third, if plaintiff ever had an action against the defendant, it waived it by recognizing Alfred LeBlanc as being indebted to it individually, and by accepting payments from him on said indebtedness long after the organization of the defendant corporation.

These grounds of exception are argued, at some length, in appellee's brief, but, inasmuch as plaintiff does not make Alfred LeBlanc a defendant in the suit, or allege that any tangible assets of LeBlanc were assigned by him to the defendant corporation, or that plaintiff is, or has been, unable to secure payment of the sum of LeBlanc's indebtedness from him individually, it seems clear that the defendant's exceptions were well taken and correctly maintained. With respect to the only remedy which, under the allegations of the petition, might have been available to the plaintiff, it says:

"This is a case where a revocatory action would be of no benefit to plaintiff and appellant, for the simple reason that it could do no good to have the corporation transfer back to LeBlanc the assets transferred by him to it for the reason that the assets were intangible, namely, the name and ability of Alfred LeBlanc and the

agencies of the Harrison and Luckenbach Lines. The only way in which plaintiff could possibly be protected under the facts as set forth in the petition, is by holding, *through a legal presumption,* that Alfred LeBlanc, Inc., assumed this obligation." (Italics ours.)

In this connection plaintiff cites two decisions of the Court of Appeal, and the following cases which were decided by this court, viz.: W. F. Taylor Co., Ltd., v. Gulf Land & Lumber Co., Ltd., 119 La. 426, 44 So. 187; Wolff v. Shreveport Gas, Electric Light & Power Co. et al., 138 La. 743, 70 So. 789, L. R. A. 1916D, 1138; Hughes v. City Trust & Savings Co. et al., 151 La. 313, 91 So. 747.

Before considering the cited decisions of this court, we will say that a mere rescission of the sale of the intangible assets which LeBlanc conveyed to the corporation could not affect their value, and, inasmuch as the plaintiff alleges that the indebtedness of LeBlanc is one of a fiduciary character, that was incurred several years before the defendant came into existence and in the absence of any charge, in the petition, of knowledge, fraud, or collusion on the part of the corporation, at the time of or since its incorporation, we fail to see wherein the trial judge erred in maintaining the defendant's exceptions.

In the Taylor-Lumber Co. Case, cited supra, the Gulf Lumber Company purchased the stock and nearly all of the property of the Leesville Lumber Company.

It paid some of the debts of the latter company and its president gave his note for the remainder of said debts. The Wolff-Shreveport G. E. L. & P. Case was a suit for damages, for personal injuries resulting from the negligence of one of the defendants. We quote from the syllabus of that case the following:

"Where one corporation conveys all of its property, corporeal and incorporeal, including its business, to another, under circumstances which disclose the earmarks of a transaction between persons dealing with themselves, and the two corporations are sued, in tort, upon a claim which arose prior to such conveyance, the burden is thrown upon them (since they possess the information and the plaintiff can only obtain it from them) of showing that the conveyance was bona fide, for an adequate consideration, and not, in effect, a mere reorganization or merger of the old company into the new; and particularly is that true where the old corporation is created under the laws of this state, and the new, under the laws of another state."

In the Hughes-City Trust & Savings Co. Case, the City Trust & Savings Company was an ally of the City National Bank of Shreveport. It purchased the assets of the Red River Valley Bank & Trust Company and assumed the listed obligations and liabilities of that bank. Certain taxes alleged to be due by the bank were not listed, and the tax collector sued the parent bank and its ally, in solido, for the sum of the taxes. The trial judge

dismissed the suit and this court, on rehearing, affirmed the judgment.

We fail to see in what respect the cited cases can be held to apply to the facts alleged in the plaintiff's petition in this suit. The same may be said of Heard v. Monroe Sand & Gravel Co., Inc., 9 La. App. 568, 121 So. 642, and Wilson v. Lagasse, 12 La. App. 704, 127 So. 17, the two Court of Appeal cases upon which plaintiff seems to rely.

Finding no error in the judgment appealed from, it is affirmed at appellant's cost.

ROGERS, J., concurs in the decree.