FOURNET, Justice.
 

 This suit was instituted by Richard F. Lawton to have set aside a certain act of sale, dated September 30, 1930, executed by Joseph Mustaiche to the Allard Realty Company, Inc., a corporation alleged to have been organized on the 21st day of August, 1930, by Joseph Mustaiche while he was insolvent, for the purpose of defrauding his creditors.
 

 The defendants jointly excepted to plaintiff’s petition on the grounds, first, that the petition was too vague and indefinite to answer the same, and, second, that the petition disclosed no cause or right of action.
 

 The exceptions of no cause or right of action were maintained and plaintiff’s suit dismissed at his cost. The plaintiff has appealed.
 

 The allegations of plaintiff’s petition are substantially that plaintiff instituted suit against Joseph Mustaiche on a note executed by him in favor of plaintiff on July 28, 1930, and obtained a judgment thereon against him on March 9, 1934, for the principal amount of the note, $324.26, with interest, costs, and attorney’s fees; that on the 21st day of August, 1930, Joseph Mustaiche, who was then insolvent and unable to pay his debts, caused the organization and incorporation of the Al-lard Realty Company, Inc., in order to defeat the payment of his debts and in fraud of plaintiff’s rights, and on September 30, 1930, transferred three certain pieces of property to the corporation; that the consideration recited in the act of transfer was $18,000; that in truth and in fact the cash was not paid, but it is alleged that the board of directors of the Allard Realty Company, Inc., passed a resolution on the 25th day of August, 1930, to purchase the property of Joseph Mustaiche for the sum of $25,000, payable in 250 shares of the capital stock of the Allard Realty Company, Inc., subject to all pre-existing mortgages, taxes, and other incumbrances; that the act of ' sale was fraudulent and is, therefore, null and void, and the property therein conveyed is subject to execution under the. holding in the case of Price v. Florsheim et al., 174 La. 945, 142 So. 135, 137; and that there is the further allegation that the whole transaction “was in execution of a collusive purpose between Joseph Mustaiche and the Allard Realty Co., Inc., to defraud and defeat creditors. * * * ”
 

 The Mustaiche property having been transferred to the Allard Realty Company, Inc., for a consideration of 250 shares of its stock, the value of which is equal to that of the property, it is the contention of defendants in this case that the plaintiff has, therefore, failed to allege injury which is necessary to sustain a
 
 *183
 
 revocatory action; moreover, plaintiff has not exhausted his remedy to seize the shares of stock under the provisions of sections
 
 7
 
 and 15 of Act No. 180 of 1910, and, therefore, his petition fails to disclose a cause or right of action.
 

 The plaintiff’s action, according to his counsel’s argument and brief, is based primarily upon the decision in the case of Price v. Florsheim et al., supra. In that case plaintiff’s judgment debtor transferred all his property to an investment corporation, which she, her uncle, and her brother had organized, in payment of shares of stock of the corporation issued to them, and the judgment creditor sued to have the sale annulled because it was a conveyance in fraud of his creditors, and we said:
 

 “As it stands, we can only conclude that this was only a part of the same schem'e and that the ‘direct result of the contract was to leave the obligor insolvent.’ * * *
 

 “Taking everything in this case into consideration, we have no hesitancy whatever in holding that the sole purpose of the organization of the Brenner Investment Corporation at that particular time and the trahsfer to it by Mrs. Florsheim was to defeat the collection of plaintiff’s judgment. This is something the Court cannot countenance.”
 

 The holding in the Florsheim Case is in conformity with a long line of decisions by this court, which were carefully reviewed in a recent decision in the case of Alliance Trust Co., Limited v. Streater et al., 182 La. 102, 161 So. 168, 172, and the underlying basis for the principle therein enunciated was expressed in that case in the following words:
 

 “The law, as stated in the Civil Code, is that the property of a debtor is the common pledge of his creditors (article 3183) and that every act done by the debtor with intent of depriving his creditors of the eventual rights which they have upon it is illegal (article 1969), and neither this court nor any other, so far as we know, has ever permitted a debtor to resort to such schemes or devices for evading his debts.” See, also, W. F. Taylor Co. v. Gulf Land & Lumber Co., 119 La. 426, 44 So. 187; Wolff v. Shreveport Gas, E. L. & P. Co., 138 La. 743, 70 So. 789, L.R.A.1916D, 1138; Price v. Florsheim et al., supra; Superior Oil Co. v. William W. Baltar, Jr., et al., 181 La. 908, 160 So. 626, and Wilson v. Lagasse, 12 La.App. 704, 127 So. 17.
 

 In the case of Hillard v. Taylor, 114 La. 883, 38 So. 594, this court held, as is well expressed in paragraph two of the syllabus by the court:
 

 “Though the petition be of doubtful sufficiency, the court will overrule an exception of no cause of action where there are allegations of fraud and conspii'acy, and under certain phases of the evidence a cause of action might appear.”
 

 In this case the allegations of plaintiff’s petition, although vague, set forth fraud and collusion on the part of Joseph Mustaiche in executing a deed to his property, when insolvent, for the purpose of
 
 *185
 
 defrauding and defeating his creditors, and falls within the doctrine announced by this court in the Florsheim Case.
 

 For the reasons assigned, the judgment of the lower court is set aside and annulled, the exceptions of no cause or right of action are overruled, and the case is hereby remanded to the lower court to be proceeded with according to law and consistent with the views herein expressed; costs of this court to be paid by the defendant and appellee, all other costs to await the final outcome of this suit.
 

 O’NIELL, C. J., absent. '