McBRIDE, Judge.
Plaintiff’s original petition alleges that on June 4, 1950, he signed an offer 'and agree *230 ment to purchase from Pope Park, Inc., lot “A” of square 519, in Jefferson Parish, together with improvements to he constructed thereon “to bear municipal No-. 1934 Bell Street,” which was accepted by Pope Park, Inc., and that in connection therewith he deposited $400.00' with Pope Park, Inc.
It is alleged that the act of sale was to be passed on or prior to September 15, 1950’; that the agreement provided that in the event the seller does, not comply with the agreement within the time specified, the purchaser has the right to demand a return of his deposit in full; that Pope Park, Inc., failed and refused to construct and complete the improvements on or before September 15, 1950, and was, therefore, unable to deliver title, although plaintiff was able and ready to take title in accordance with the agreement.
Plaintiff claims that Pope Park, Inc., and Quick Realty Company, Inc., are liable to him solidarily for the $400.00 deposit, to1 gether with $200.00 attorney’s fees, and seeks to recover from them said amounts. The theory upon which Quick Realty Company, Inc., is sought to be held liable is stated in the two following paragraphs of the petition:
“XII. That the defendant, Quick Realty Company, Inc., according to the November' 19th., edition of the New Orleans Times-Picayune, the agent for service of process thereof, Mr. John T. Charbonnet was quoted as having said ‘that the Quick Realty Company, Inc., was organized as a “holding company” with Irwin as president to “take over the physical assets” of Pope’s companies * * * the firm is “'holding what Pope 'had on the premises for his creditors ; ” ’ that for greater certainty said excerpt is annexed hereto and made a part hereof as if copied herein in extenso, also of November 21st.
“XIII. That the defendant, Quick Realty Company, Inc., by such act as described in the immediately preceding paragraph has created a solidary obligation with the defendant, Pope Park, Inc.”
To the petition, Quick Realty Company, In>c., interposed the exceptions of no cause or right of action.
Before the exceptions were-fixed- for trial, plaintiff supplemented 'his petition; after reiterating all of the original allegations, he impleaded as defendants Pope Construction 'Company, an alleged commercial copartnership, and its component partners, C. W. Pope, John T. Charbonnet, and William P. Irwin, and prayed that judgment be rendered solidarily against the defendants named in the original petition as well as those impeaded in the supplemental petition..
To the two petitions, defendant Pope Park, Inc., made answer, which in effect is a confession of judgment in favor of plaintiff.
The other defendants, Quick Realty 'Company, Inc., Pope Construction Company, C. W. Pope, John T. Charbonnet, and William P. Irwin, answered denying the allegations of tíre original and supplemental petitions; said defendants also excepted to plaintiff’s demands on the ground that the' original and supplemental petitions failed to disclose a cause or right of action as to them.
The matter was set down for trial, but before any evidence was adduced the exceptors urged their exceptions to plaintiff’s demands, and after hearing argument the trial judge maintained the exceptions and dismissed the suit as to Quick Realty Company, Inc., Pope Construction Company, C. W. Pope, John T. Charbonnet, and William P. Irwin. Judgment was rendered in favor of plaintiff and against Pope Park, Inc., for the sum of $400.00
Plaintiff has appealed from that part of the judgment maintaining the exceptions- and dismissing his suit as against the ex-ceptors.
At the outset let us say that both the original and supplemental petitions are in-artistically and loosely drawn. It is true, as argued -by counsel far Quick Realty Company, Inc., that under the bare allegations contained in paragraphs XII and XIII of the original petition, Quick Realty Company, line., could not be cast as liable unto plaintiff, as it is merely set forth that in an edition of a New Orleans newspaper-the agent for service of process of the Quick Realty Company, Inc., is quoted as *231 having made certain statements to the effect that Quick Realty Company, Inc., was organized as a “holding company” to “take over the physical assets of Pope’s companies.”
However, in the supplemental petition plaintiff alleges that Quick Realty Company, Inc., is a “synthetic organization” and “that the court should pierce the corporate veil and regard it as one of convenience and as a screen; that actually the enterprise was conducted by and through Pope Construction Company.” Neither of the petitions attribute fraud to the Quick Realty Company, Inc., Pope Construction Company or its partners, but there is no doubt in our 'minds that the import of the above allegations as to the liability of Quick Realty Company, Inc., for the $400.00 deposit made by plaintiff is that said corporation was confected for the purpose of reorganizing Pope Park, Inc., and “Pope’s companies,” and for that reason Quick Realty Company, Inc., is liable for the debt of Pope Park, Inc., to plaintiff.
In Wolff v. Shreveport Gas, Electric Light & Power Co., 138 La. 743, 70 So. 789, 794, L.R.A.1916D, 1138, our Supreme Court said: “According to the consensus of judicial opinion in this country, a newly organized corporation is liable for the debts of an old one, to the business and property of which it has succeeded, where it is shown that the succession was the result of a transaction entered into in fraud of the creditors of the old corporation, or that the circumstances attending the creation, of the new, and its succession to the business and property of the old, were of such a character as to warrant the finding that the new, is merely a continuation of the old, corporation. * * *. the properties of a corporation constitute a trust fund for the payment of its debts; and that, where there has been a misappropriation of such funds, or (according to the better opinion, as we think) the corporation has been devested thereof by consolidation, merger, reorganization, or ‘reincarnation,’ not only may the fund be followed, by the aid of equity, for the benefit of the creditor, but he may recover, in an action at daw, against the corporation which has taken over such fund, with the business of his debtor.”
In W. F. Taylor Co. v. Gulf Land and Lumber Co., 119 La. 426, 44 So. 187, 189, on rehearing, the Court quoted the follow-' ing passage from 10 Cyc. 286: “A reorganization may take place by the formation of a new corporation and the transfer to it of the assets of the old corporation in consideration of the issue of stock of'the new company to shareholders of. the old; but the rights of creditors cannot be prejudiced thereby.”
See also Wilson v. Lagasse, 12 La.App. 704, 127 So. 17, 18, wherein we said: “We are unable to see that a corporation which purchases 'from an individual all or substantially all of his assets, in an effort to prevent the former creditors of the individual from collecting their debts, is in any better situation than is a corporation which purchases all of the assets of a former corporation. * * * ”
The theory upon which plaintiff seeks to hold Pope Construction Company and its partners, C. W. Pope, John T. Charbonnet, and William P. Irwin, is that Pope Construction Company built the houses in Pope Park subdivision, and that the materials, equipment, and supplies were owned by said partnership, and that each of the partners actually participated in the affairs of Pope Construction Company.
To say the least, the allegations pertaining to the liability of the partnership are vague, but a reading of all the allegations of the supplemental petition would indicate to the unbiased judicial mind that Pope Construction Company and its partners actively participated in the venture of selling the lots with improvements. We are not able to say that such is not a fact, and if the exceptions are to be maintained, such result would ensue possibly because of an insufficiency of allegations.
Technical objections and harsh rules of pleading which would dispose o'f a litigant’s case without a hearing on the merits are not now favored under our system of law. The general tendency is to be reasonable, and even liberal, in construing *232 or interpreting pleadings, with the end in view of a permanent disposition of the case on its merits after a full hearing of the parties, where the petition fairly informs the defendant of the nature of plaintiff’s claim. A suit should not be dismissed on an exception of no cause of action where it is possible that by amendment a cause of action may be stated.
We believe that in this case plaintiff should be given an opportunity to amend his petition by supplying any additional allegations which might be made so as to set forth his cause of action against ■ the defendants. Althoúgh the exceptions might appear to be meritorious, so far as we' can tell the plaintiff might be in possession of other information which can be alleged, and which if alleged would disclose liability in the exceptors. All doubt in pleadings should be resolved in favor of the pleader; the maintenance of the exceptions here because of the insufficiency of allegations would amount to no more than a judgment of nonsuit.
In the interest of justice, we think that the exceptions should be overruled and ■the matter remanded'to the trial court, so as to afford plaintiff the right to amend his pleadings and set forth, if he can, facts showing, the relationship of all of the defendants in the suit, and the basis of the liability of the exceptors for the indebtedness of Pope Park, Inc.
For the reasons assigned, that part of the judgment appealed from maintaining the exceptions of Quick Realty Company, Inc., Pope Construction 'Company, C. W. Pope, John T. Charbonnet, and William P. ■ Irwin, is reversed and the exceptions of said defendants are overruled, and the matter is remanded to the Civil District Court for the Parish of Orleans for further proceedings not inconsistent with the views herein expressed.
Appellees are to pay the costs of this appeal, and all other costs are to 'await t'he final determination of the cause.
Reversed and remanded in part; affirmed in part.