## J. ALFRED MOUTON, Inc., v. HEBERT.
### No. 2174.

Court of Appeal of Louisiana. First Circuit.
Dec 12, 1940.

Davidson & Davidson, of Lafayette, for appellant.

James Domengeaux, of Lafayette, for appellee.

OTT, Judge.

On Feb. 20, 1939, the defendant as the sole owner of the Hebert Insurance Agency in the City of Lafayette, sold to the plaintiff "all of the insurance expirations and expiration lists belonging to Hebert Insurance Agency as shown by detailed list acknowledged and initialed by the parties hereto; also all of the good will incidental to or connected with the name Hebert Insurance Agency and O. L. Hebert, and also the membership of O. L. Hebert or Hebert Insurance Agency in the Lafayette Insurance Exchange, which membership has all dues paid to date and is presently in good standing." It was stipulated in the act of sale that Hebert did not sell any of the open accounts, notes receivable or physical assets belonging to him or his insurance agency. The consideration of the sale was $600 cash.

The petition alleges that immediately after the sale was made the defendant actively violated his contract of sale by continuing to engage in the insurance business in Lafayette; by contacting customers whose names were on the expiration list included in the sale, and by soliciting insurance from these customers; by advertising his insurance business in a local paper and otherwise, and that defendant did not intend to discontinue doing an insurance business in the City of Lafayette at the time he made the aforesaid sale. The prayer is for an injunction prohibiting the defendant from continuing to solicit insurance in his own name from the customers included on the expiration list and others, and from interfering in any way with plaintiff's right to enjoy the good will and property purchased by it from the defendant. In the alternative, plaintiff asks that the sale be set aside and that the defendant be condemned to restore the consideration of $600.

The defendant admitted the sale and admitted that shortly after the sale he re-engaged in the insurance business in Lafayette, but denied that this was in violation of his contract. He denied that he solicited business from his old customers shown on the expiration list which he had sold to plaintiff, but he admitted that shortly after the sale he solicited individuals by advertising in the local newspapers and otherwise, claiming that he was not prevented from so doing by the sale of the good will of his business and expiration list, nor by any clause in the contract of sale.

Plaintiff filed a motion for a judgment on the petition and answer, which motion was denied. The case was tried, resulting in a judgment for defendant rejecting the demands of the plaintiff, and the latter has appealed.

No appearance was made in this court by counsel for defendant either by argument or by brief, however, we are in receipt of a letter from counsel since the submission of the case giving a satisfactory explanation of his failure to appear and argue the case or file a brief in this court. In view of this situation, we have undertaken to give both sides of the controversy most careful investigation and consideration.

While there is not a great deal of dispute as to the facts in the case, the legal phases can be better discussed by giving a brief summary of the facts as shown by the record.

Eight days after the sale was made, the plaintiff inserted an advertisement in a local paper informing the public that it had purchased the business and good will of the O. L. Hebert Insurance Agency and requested a continuance of the patronage given this agency. On the next day, the defendant inserted an advertisement in this same local paper advising the

public that he was in the fire, tornado and casualty insurance business and had the facilities to save his customers 25% or more on their insurance premiums. This advertisement was carried in the name of "O. L. Hebert Mutual Insurance Agency".

Called as a witness on cross-examination, the defendant denied that he had solicited insurance from his former customers shown on the expiration list which he had sold to the plaintiff, but admitted that he had re-written about 60% of the expirations shown on that list. He claims that these old customers came to him and that he explained to them that he was in the mutual insurance business and could save them as much as 25% on their premiums. It is fully established by the evidence that the defendant went to the home of one of these old customers and persuaded him to renew his insurance in a mutual company on the claim urged by the defendant that he could save this customer 25% on the premium, although a renewal policy had been written by the plaintiff and delivered to a homestead association for this customer. The defendant admits that he informed the customers shown on the expiration list when they spoke to him about the renewals that he was in the insurance business and could write insurance at a saving of 25% in the premiums.

Three items of value were included in the sale to make up the consideration of six hundred dollars; viz, the expiration list, the good will of the business and membership in the Lafayette Insurance Exchange. From the evidence, it is apparent that the first two items were considered the most valuable. It is well known that insurance agents keep lists of the policies issued to their customers and from these lists or records the agent knows when each policy expires and in most cases the agent issues a renewal policy and delivers it to the customer before the old one actually expires. From this fact, it is obvious that the information which the agent has of these expirations and the probability that the customer will accept the renewal policy is of considerable value to the agent.

■ Many definitions are given of good will as the object of a sale. Several of these definitions are discussed and considered in the case of Vonderbank v. Schmidt, 44 La.Ann. 264, 10 So. 616, 15 L.R.A. 462, 32 Am.St.Rep. 336. The more modern definition and meaning of good will may be found in 24 Am.Jur., Good Will, Section 2, p. 802. Good will includes every positive advantage acquired, arising out of the business of the old firm, whether connected with the premises where it was carried on, with the name of the old firm, or with any other matter carrying with it the benefit of the business of the old firm. The definition and meaning of good will as given by Judge Story is still quoted with approval and can hardly be improved upon. He says that good will is the advantage or benefit which is acquired by an establishment beyond the mere value of the capital stock, funds, or property employed in the business, in consequence of the general public patronage and encouragement which the business receives from constant or habitual customers on account of the location, or common celebrity, reputation for skill, affluence, punctuality, or from other accidental circumstances or necessities, or even from ancient partialities or prejudices.

■ As a general rule, in the absence of an agreement to the contrary, the sale of the business with the good will thereof does not prevent the vendor from engaging in a similar business in the same vicinity, provided he does nothing to injure the good disposition of the public toward the old business, or to impair the advantages and benefits which the purchaser has properly acquired by the purchase of the good will of the old customers. 24 Am.Jur., Good Will, Section 18, p. 813; Bergamini v. Bastian, 35 La.Ann. 60, 48 Am.Rep. 216; Liquidators of Nicholson Pub. Co., Ltd. v. Upton Printing Co., 152 La. 270, 93 So. 91; 82 A.L.R. 1031, Annotations.

■ As to the right of the vendor of the good will of a business to solicit customers or clients of the old business, we quote from 24 Am.Jur., Good Will, Section 23, p. 817, as follows:

"The vendor of good will having the right to conduct a rival business may seek for trade by any honest method, including public advertisement or private advertisement among those who were not customers of the old business, and he may deal with the old customers who, attracted by their knowledge, gained by advertising or otherwise, that he is in business, choose to come and trade with him. However, the vendor will not be permitted to destroy the value of the good will by canvassing directly the old customers, endeavoring to dissuade

them from dealing with the purchaser of the good will, and soliciting them to trade with the vendor. The seller's solicitation of former customers may relieve the purchaser of his obligation under the contract to pay for the good will."

 In making the sale, the defendant warranted the items which he sold to the plaintiff, and he could not, even by agreement, relieve himself of that warranty against his own acts. C.C., arts. 2475 and 2504. If the plaintiff, as the purchaser of the expiration list and the good will of the insurance business sold him by the defendant, has been deprived of the use and enjoyment of a substantial part of these items covered by the sale of such consequence relative to all items embraced in the sale that it may be reasonably assumed that the plaintiff would not have made the purchase without the part of which it has been deprived, the plaintiff as such a purchaser has the right to cancel the sale and recover the price. C.C., art. 2511.

 Our opinion is that when the defendant, whether by persuasion, advertisement or otherwise, secured 60% of the renewals on the expiration list which he sold plaintiff and seriously impaired the good will of the old business by offering the old customers insurance in another company at a cheaper rate, he thereby deprived the plaintiff of a substantial part of the benefits and advantages which he had sold and warranted. We do not think it could hardly be considered fair practice for a person to sell and warrant any object of sale and then, by his own acts, seriously impair the use and enjoyment of the object by the purchaser, or substantially decrease the value of the object by his own conduct. See Lindstrom v. Sauer, La.App., Orleans, 166 So. 636.

We do not think the situation in this case is similar to that in the case of Bergamini v. Bastian, supra, on which it appears the trial judge largely based his opinion. In that case, there were no expiration lists considered as valuable—nor did the good will sold with the establishment derive any value by reason of being connected with the name of the seller, nor did any special skill or reputation of the seller form an element of the good will sold. So that the acts of the seller in that case in opening up a similar business on adjacent premises did not have the effect of impairing or destroying the thing sold as the good will of the old establishment. In the present case, as already stated, the acts of the defendant seriously affected the use and the value of the things sold and warranted by him.

We think the proper remedy is a cancellation of the sale under the alternative prayer of the petition, placing the parties in the position that they were in before the sale.

For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and it is now ordered that the sale from the defendant to the plaintiff, dated February 20, 1939, be and the same is hereby cancelled and set aside; that plaintiff have judgment in its favor and against the defendant for the sum of six hundred dollars ($600), the purchase price fixed in said sale, with legal interest from the date of this decree until paid, and for costs in both courts.