**52 So.2d 863**

**MERAUX et al. v. R. R. BARROW, Inc.**

**No. 39143.**

April 23, 1951.

Rehearing Denied May 28, 1951.

O'Niell & O'Niell, Gibson Tucker, Jr., New Orleans, for plaintiffs-appellants.

Elton A. Darsey, Houma, for defendant-appellee.

MOISE, Justice.

Plaintiffs Mrs. Anita Maumus Meraux and her son, Joseph M. Meraux, as widow in community and sole heir, respectively, of the late Dr. Louis A. Meraux, instituted suit to be recognized as owners of an undivided 1/56 royalty interest in certain property situated in the Parish of Terrebonne. From a judgment maintaining defendant corporation's exception of no right or cause of action, plaintiffs appeal.

Defendant filed a motion to dismiss the appeal on the ground that there was no proof of record as to the value of the mineral right in controversy, and that this Court had no jurisdiction of the suit. On the day that this matter was argued before us, an affidavit executed by Joseph M. Meraux was filed, which set forth that there was a producing gas well, completed June 24, 1946, on the land alleged to be subject to the royalty interest, that subsequent to the bringing of this suit (Nov. 28, 1947), the lessee, Union Oil Company of California, had impounded payments accruing on said royalty interest, and that the impounded royalties amounted to $4,144.63 as of January 31, 1951; that the tract in question contains a total of 1,159.74 acres, and the interest, computed on a basis of royalty acres, is equivalent to 165.68 royalty acres, with a value in excess of $16,568.

The rule is that "In the absence of other evidence showing the pecuniary amount involved in a lawsuit, the affidavit of one of the parties as to such amount will be considered." Murff v. Louisiana Highway Commission, 180 La. 664, 157 So. 383, 384; Fontenot v. Ludeau, 190 La. 133, 182 So. 125; Frierson v. Cooper, 196 La. 450, 199 So. 388. Such affidavits may be filed in this court after the motion to dismiss the appeal is filed. State ex rel. Cain v. Judge, 20 La.Ann. 574; State ex rel. Holmes v. Wiltz, 11 La.Ann. 439; Knight v.

Smith, 3 Mart., O.S., 156. Such affidavits are considered in connection with the facts in the particular record; by themselves, they can neither confer nor defeat our jurisdiction. So, in New Orleans & Northeastern Railroad Co. v. Redmann, 210 La. 525, 27 So.2d 321, the only basis set forth in the affidavit filed to establish our jurisdiction was the litigant's opinion that the value of the property in dispute, or the value of the right sought to be established, exceeded $2,000; his opinion was not substantiated either by the affidavit itself, or by the facts of the case. We transferred the appeal *after* we had examined those facts, and considered his affidavit. Here the facts justify our accepting jurisdiction.

The royalty interest in dispute bears upon the following described property:

"All that portion of that certain plantation known as 'Myrtle Grove' Plantation, situated in the Parish of Terrebonne lying on the left descending bank of Bayou Terrebonne, at about three miles below Houma; bounded above by lands of C. R. Duplantis and below by land of the Presquille Plantation of the Terrebonne Sugar Co. and composing the following described tracts of land, to-wit:

" 'A portion of Lot 2, Section 9, Township 17 South, Range 17 East, containing 38 acres; Lot 2 of Section 1, Township 17 South, Range 18 East, containing 108.54 acres, Lot 2 of Section 2, Township 17 South, Range 18 East, containing 293.33 acres; Lot 2 of Section 3, Township 17

South, Range 18 East, containing 243.03 acres; all of Section 22 except the east half of the northeast quarter containing 226.76 acres, the southwest fractional quarter of Section 27 containing 139.08 acres, the north fractional half of Section 28 containing 111.00 acres, said Sections 22, 27 and 28 being located in said township 17 South, Range 18 East in the southeastern land district of Louisiana, west of the Mississippi River.'

"Being the same property acquired by Mrs. Zoe Barrow Topping at Sheriff's Sale on September 23, 1933, in the matter entitled and numbered: Chalmette Petroleum Corporation v. No. 9658 Myrtle Grove Syrup Co. Inc. (In the matter of the Rule against R. R. Barrow Inc., Garnishee, issued Oct. 6, 1930) the proces verbal of which said Sheriff's Sale is recorded in C. O.B. 101, folio 25 et seq."

An undivided 1/56 in the whole of any oil, gas or other mineral royalties (except sulphur), that might be produced from the above described land (and other lands with which we are not here concerned) was acquired by the late Dr. Louis A. Meraux from Mrs. Zoe Barrow Topping, by instrument dated October 9, 1937. In this same instrument Mrs. Zoe Barrow Topping conveyed to her mother, Mrs. Jennie Tennant, widow of Robert R. Barrow, and to her sisters, Miss Irene F. Barrow and Mrs. Jennie Barrow Dawson, an undivided 1/56 interest, each, in said royalties, and to another sister, Mrs. Hallette Barrow Cole, an

undivided 2/56 interest in said royalties. This instrument was registered in the Conveyance Records of Lafourche Parish, Entry No. 40149, Book 86, page 11, on June 24, 1938; and, although it affected lands situated in Terrebonne Parish as well, it was not recorded there until February 19, 1947.

On December 18, 1939, Mrs. Zoe Barrow Topping conveyed to R. R. Barrow, Inc., defendant, the hereinabove described land, and other lands, by an act of sale registered in the conveyance records of Terrebonne Parish on December 29, 1939, Conveyance Book 124, folio 449 et seq., Entry No. 37,851. The transfer was made subject to an oil, gas and mineral lease affecting a portion of the *Lafourche* Parish property which had been included in the conveyance of royalty interests aforementioned. This act of sale also contained the following provision: "It is understood that by instrument recorded in Conveyance Book 86 folio 11 under Entry No. 40149 of the records of the Parish of Lafourche, Louisiana, the vendor herein, Mrs. Zoe B. Topping, transferred 6/7 of 1/8 [i. e., 6/56] undivided interest of the oil, gas and other minerals except sulphur in and under and that may be produced from the property described in the aforesaid mineral lease and amendment thereto and $0.84 per long ton for all sulphur that may be produced from said lands."

■ This appeal presents but two questions for consideration: (1) Is a vendee bound by the provisions of a prior instrument to which his vendor was a party, though same is not of record in the parish wherein is situated the property affected? (2) Is the defendant corporation, the vendee herein, a third party within the scope of the rule of McDuffie v. Walker, 125 La. 152, 51 So. 100?

In his reasons for maintaining defendant's exception of no cause of right of action, the judge a quo held that McDuffie v. Walker, 125 La. 152, 51 So. 100, as well as Coyle v. Allen, 168 La. 504, 122 So. 596, and Westwego Canal & Terminal Co. v. Pizanie, 174 La. 1068, 142 So. 691, controlled in this matter.

(1) We have canonized as a rule of property that all contracts affecting immovables which have not been recorded in the parish where they are situated "shall be utterly null and void, except between the parties thereto", and that knowledge is not the equivalent of registry. Art. 2266, R.C.C.; McDuffie v. Walker, 125 La. 152, 51 So. 100; Rigg Cypress Co. v. Albert Hanson Lumber Co., 127 La. 450, 53 So. 700; Breaux v. Royer, 129 La. 894, 57 So. 164, 38 L.R.A.,N.S., 982; Soniat v. Whitmer, 141 La. 235, 74 So. 916; Gonsoulin v. Sparrow, 150 La. 103, 90 So. 528; Southern Casualty Co. v. Ross, 179 La. 145, 153 So. 673; Masters v. Cleveland, 182 La. 483, 162 So. 51; Bell v. Canal Bank & Trust Co., 193 La. 142, 190 So. 359; Ridings v. Johnson, 128 U.S. 212, 9 S.Ct. 72, 32 L.Ed. 401. We therefore answer the first question in the negative.

(2) For the purpose of considering an exception of no right or cause of action, all of the well-pleaded allegations of the petition must be accepted as true. In this case they lead us to the conclusion that R. R. Barrow, Inc., is not a third party so as to come under the rule of McDuffie v. Walker, supra.

The record discloses that the act of sale from Mrs. Topping to defendant in 1939 was signed by the vendor through her agent and attorney-in-fact, Mrs. Hallette B. Cole, and by the vendee (defendant) through its vice-president, Mrs. R. R. Barrow (Mrs. Jennie Tennant Barrow), and by C. Grenes Cole, Mrs. Cole's husband, and Miss Irene F. Barrow, as witnesses. The resolution of R. R. Barrow, Inc., which authorized said purchase and its terms, reveals that it was adopted by a quorum of its board of directors made up of Mrs. R. R. Barrow, Miss Irene F. Barrow, and Mrs. Hallette B. Cole. These same individuals, together with Mrs. Jennie Barrow Dawson, were co-grantees with Dr. Louis A. Meraux of the royalty interests conveyed by Mrs. Zoe Barrow Topping by instrument dated October 9, 1937. Plaintiffs' petition alleges that Mrs. Dawson, Mrs. Cole, Miss Irene Barrow, and their mother, Mrs. R. R. Barrow, owned (and that they and/or their heirs still own) all the stock of this corporation.

It would therefore appear that R. R. Barrow, Inc., is a family holding corporation, the alter ego of Dr. Meraux's co-grantees.

in the instrument dated October 9, 1937. It is also the alter ego of the heirs of the grantor in that instrument; for Mrs. Topping died intestate on December 28, 1939, Mrs. Jennie Tennant Barrow, her mother, died intestate on March 27, 1942, and their sole and only heirs at law, Miss Irene F. Barrow, Mrs. Hallette Barrow Cole and Mrs. Jennie Barrow Dawson, accepted unconditionally and were sent into possession of the decedents' estates.

■ The facts in the instant case are sufficient to bring it under the rule as stated in Keller v. Haas, 202 La. 486, 492, 12 So.2d 238, 240:

"It is contended that the Haas Investment Company, Inc. is an innocent purchaser of the property on the faith of the public records and that it is not affected by the unregistered equities of the co-owners.

"It is well settled that where an individual forms a corporation of which he is the sole and only stockholder or owns such control of the stock that the act of the corporation is his own, then he may not use the screen of corporate entity to absolve himself from responsibility. Lindstrom v. Sauer, La.App., 166 So. 636; Alliance Trust Co. v. Streater, 182 La. 102, 161 So. 168; Superior Oil Co. v. Baltar, 181 La. 908, 160 So. 626; Wilson v. Lagasse, 12 La.App. 704, 127 So. 17; Heard v. Monroe Sand & Gravel Co., 9 La.App. 568, 121 So. 642; State v. F. B. Williams Cypress Co., 131 La. 62, 58 So. 1033.

"Under the allegations in the plaintiffs' petition, the business carried on by the corporation is nothing more than a continuation of Haas's business by the merger of his private business into a corporation of which he is the managing head and practically the sole owner. Under such circumstances, Haas is not permitted to cloak himself behind the corporate entity to shield himself from responsibility. The corporation would therefore be bound to the same extent that Haas himself is bound."

What could be more persuasive or apply with greater force to defendant herein than the above quoted excerpt? Courts are not precluded from looking through the form of a transaction to its actual substance. Here we are dealing in substance with co-grantees under the original royalty deed, who are also heirs of the grantor. The Pizanie case, supra, is therefore not in point.

Defendant has urged in support of corporate entity the case of Ricks v. Louisiana Milk Commission, La.App., 32 So.2d 643. That case, however, has no bearing on the question of corporate *alter ego*, since it merely stands for the proposition that the statute creating the Commission had to be construed literally, and that an employee of a corporation engaged in the actual production of milk is not a man engaged in the actual production of milk, within the purview of the statute.

For the reasons assigned, the judgment of the lower court sustaining the exceptions of no right and no cause of action is reversed and set aside. The exceptions are overruled, and the case is remanded to the lower court to be proceeded with consistent with the views herein expressed. The costs of this appeal are to be paid by the defendant appellee. All other costs to await the final disposition of the cause.