167 So.2d 539 (1964)
Earl HIRSH and A & M Pest Control Service, Inc.
v.
Dennis MILLER.
No. 1437.
Court of Appeal of Louisiana, Fourth Circuit.
July 15, 1964.
Rehearing Denied October 7, 1964.
Writ Refused December 1, 1964.
*540 Baldwin, Haspel, Molony, Rainold & Meyer, Conrad Meyer, III, and Jerry C. Paradis, New Orleans, for plaintiffs-appellants.
Sehrt, Boyle & Wheeler, Edward J. Boyle, Sr., and Albert B. Koorie, New Orleans, for defendants-appellees.
Before, McBRIDE, YARRUT and CHASEZ, JJ.
YARRUT, Judge.
This appeal is taken by Plaintiffs from a judgment of the district court maintaining Defendants' exceptions of no right and no cause of action, and dismissing their suit. The question then must be decided upon the allegations of the petition and accompanying documents which, at this point, must be accepted as true. Dennis Miller was the sole Defendant in the original petition, but Dennis Miller Pest Controls, Inc., was made Co-Defendant, against which the same relief is sought by Plaintiffs as against Dennis Miller.
Defendants' exception of no right of action is levelled against Plaintiff Earl Hirsh alone; and the exception of no cause of action is levelled against Plaintiff A & M Pest Control Service, Inc.
At the outset we must agree that Hirsh has no right of action because the *541 original agreement between him and Defendant Miller was, by mutual consent, transferred and assigned to Plaintiff A & M Pest Control Service, Inc., of Georgia.
Plaintiffs allege that Dennis Miller, acting individually and as president of a Louisiana corporation known as A & M Pest Control Service, Inc., entered into several written agreements whereby the corporation, A & M Pest Control, was sold to Plaintiff Hirsh or his nominee, A & M Pest Control Service, Inc., of Georgia; in four separate documents, all attached to Plaintiffs' petition, viz.:
(1) An agreement dated February 21, 1957;
(2) A bill of sale dated February 28, 1957;
(3) An employment agreement dated February 28, 1957, between A & M Pest Control Service, Inc., of Georgia and Dennis Miller, and,
(4) A lease dated February 28, 1957, between Dennis Miller and the A & M Pest Control Service, Inc., of Georgia.
Plaintiffs ask the Court to enjoin Defendant, Dennis Miller, and the Dennis Miller Pest Controls, Inc., from engaging in the pest control business for a period of five years from October 3, 1963; from calling upon any customer or customers of Plaintiffs; from inducing, encouraging, enticing, or attempting to induce and encourage and entice, any or all of the present employees of Plaintiffs to leave their employ and commence their employment with Miller; and from using the name Miller in any manner, whether by title, slogan or trade name, in connection with any form or type of pest control business.
The first document is an agreement in which A & M Pest Control Service, Inc., a Louisiana corporation, is designated as party of the first part; Dennis Miller, as party of the second part; and Earl Hirsh, as party of the third part; wherein A & M Pest Control Service, Inc., agreed to sell its assets to Earl Hirsh, or his nominee, for $479,000.00 on certain terms and conditions not material here. Dennis Miller obligated himself to sign a lease for the premises 4823 Perrier Street, owned by him, and to execute an employment contract with Hirsh, or his nominee, for a period of five years, for a total salary of $100,000.00; said employment agreement to contain a covenant that Miller would not compete in a similar business against Hirsh, or his nominee, for a period of five years, whether or not the employment was cancelled sooner for any reason.
In furtherance and in execution of the initial agreement of February 21, 1957, the Louisiana corporation on February 28, 1957, transferred all of the assets; all trade names of the corporation, including the name "Miller the Killer"; and all goodwill of the corporation to Plaintiff, A & M Pest Control Service, Inc., of Georgia, as assignee of Hirsh. Dennis Miller represented the vendor corporation as its president and liquidator
In the initial agreement of February 21, 1957, Dennis Miller individually obligated himself to two things: (1) To lease his personally owned Perrier Street property to the corporation and, (2) to enter into an employment contract with Hirsh or Hirsh's nominee, both of which were consummated on February 28, 1957. The employment contract contains the following provision:
"It is agreed between the parties hereto that upon the employee withdrawing from the employment of the Employer, either voluntarily or otherwise, he shall not within a period of five years from the date of withdrawal as an employee of the Employer engage in business in competition to the business of the Employer either as a director, stockholder, employee, agent or salesman or in any manner whatsoever, either directly or indirectly, within the State of Louisiana or State of Georgia, and should there be a violation *542 of this covenant not to compete, the Employer may proceed in equity or at law to enjoin any violation of this provision of this employment contract."
Defendant Miller contends he is not bound by this provision, since it is prohibited by LSA-R.S. 23:921, which reads:
"No employer shall require or direct any employee to enter into any contract whereby the employee agrees not to engage in any competing business for himself, or as the employee of another, upon the termination of his contract of employment with such employer, and all such contracts, or provisions thereof containing such agreement shall be null and unenforceable in any court, provided that in those cases where the employer incurs an expense in the training of the employee or incurs an expense in the advertisement of the business that the employer is engaged in, then in that event it shall be permissible for the employer and employee to enter into a voluntary contract and agreement whereby the employee is permitted to agree and bind himself that at the termination of his or her employment that said employee will not enter into the same business that employer is engaged over the same route or in the same territory for a period of two years. As amended Acts 1962, No. 104, §§ 1, 2."
A reasonable prohibition against competition will be upheld, however, when as alleged by Plaintiffs, it is part of the consideration for the sale of a business and its goodwill; Moorman & Givens v. Parkerson, 131 La. 204, 59 So. 122; Eugene Dietzgen Co. v. Kokosky, 113 La. 449, 37 So. 24; Hickman v. Branan, La.App., 151 So. 113; 27 Tul.L.Rev. 364.
Plaintiffs contend that all four agreements must be considered by the Court as one transaction, and that the sale by the Louisiana corporation of goodwill was also a sale by Dennis Miller individually of goodwill, since Dennis Miller owned 60 percent of the corporation and it was its liquidator, its president and general manager.
The Dennis Miller Pest Controls, Inc., Defendant, is owned and controlled by Dennis Miller who owns 80 percent of the stock and is alleged to be conducting its business as he did that of Plaintiff corporation, of which he was president, general manager and owner of 179 of the 300 shares of Plaintiff corporation when it was sold. The remaining 121 shares were placed in trust for his children, and one share owned by his wife.
There is no doubt that all four of the agreements above recited were interrelated, and that the original agreement of February 21, 1957, in which all involved persons were parties or assignees, was the tree from which the other agreements were branches. The employment contract involved here between Plaintiff and Defendant Miller was not a separate and distinct employment contract, but was part of the consideration of the purchase from his company of all its assets, trademarks, trade names and goodwill. Since Dennis Miller was the principal stockholder, president, general manager, personally and inseparably linked to the trade name of "Miller the Killer" with the selling corporation, he must be considered as if he owned the business individually, and as having made but one contract with Plaintiff corporation; the contract which embodied the three subsequent contracts referred to above. The Defendant corporation, Dennis Miller Pest Controls, Inc., in which Dennis Miller has stock ownership of 80 percent, is engaged in the identical business of pest control and using the same technique in seeking to recapture the business previously sold to Defendant corporation, and such activity must be the same as though Dennis Miller, individually, were so engaged. Ballero v. Heslin, La.App., 128 So.2d 453; J. Alfred Mouton, Inc. v. Hebert, La.App., 199 So. 172; Lindstrom v. Sauer, La.App., 166 So. 636; accord, Meraux v. R. R. Barrow, Inc., *543 219 La. 309, 52 So.2d 863; Keller v. Haas, 202 La. 486, 12 So.2d 238; Brown v. Benton Creosoting Co., La.App., 147 So.2d 89.
The three agreements entered into on February 28, 1957, are contemporaneous and collateral written agreements, all born of and in furtherance of the primary written agreement of February 21, 1957. Hence, we are not concerned with the parol evidence rule of LSA-C.C. art. 2276, that parol evidence is not admissible to alter or change the terms of a written instrument. Smith v. Bell, 224 La. 1, 68 So.2d 737. All four agreements must be interpreted as one agreement to determine the respective legal rights of the parties to each or all.
The judgment of the district court is, therefore, annulled and set aside and the case remanded to the district court to determine, after proper hearing, whether or not the allegations of the petitions, and the documents attached thereto, are as alleged, in which event the district court should grant the full injunctive relief to Plaintiff, A & M Pest Control Service, Inc., as prayed for in their petitions; all costs of this appeal and Defendants' costs in the district court, up to this point, to be paid by Defendants; all other costs to await final judgment after hearing on the remand
Judgment annulled, case remanded with instructions