292 So.2d 266 (1974)
MARSHALL BROWN INSURANCE AGENCY, INC.
v.
F. Benjamin TOLEDANO, Jr., d/b/a "The Toledano Company".
No. 5957.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1974.
*267 James David McNeill, New Orleans, for plaintiff-appellee.
Provensal & Fitzmaurice, Robert E. Rougelot, New Orleans, for defendant-appellant.
Before SAMUEL, GULOTTA and MARCEL, JJ.
SAMUEL, Judge.
This is an appeal taken by the defendant from a judgment granting a preliminary injunction restraining and prohibiting him from engaging in the insurance business.
In June, 1971 defendant, then the president and sole stockholder of F. Benjamin Toledano Insurance Agency, Inc., approached Mr. J. Marshall Brown, president of the Marshall Brown Insurance Agency, Inc., and offered to sell all of the stock of the Toledano agency for the amount of that corporation's outstanding debts, amounting to the sum of $46,515.50. The offer was accepted and the stock was purchased for the agreed price. The sale was not reduced to writing. Following the sale Mr. Toledano became president of the plaintiff corporation and retained the presidency of the Toledano agency.
On October 2, 1971 Mr. Toledano wrote a letter to Mr. Brown, "in accordance with previous verbal agreements" confirming the sale of the agency for the agreed price, his acceptance of the presidency of both agencies, and his agreement not to engage in the insurance business for a period of five years "following the date of my departure." On March 13, 1972 defendant resigned from the plaintiff corporation and went into business for himself under the business name of "The Toledano Company". Thereafter he actively solicited clients of the Marshall Brown and Toledano agencies and secured the return of some of the latter's accounts. Plaintiff then instituted this suit for an injunction.[1]
Testimony at the trial was given by J. Marshall Brown, F. Benjamin Toledano, Jr., Louis Crosby, Jr. (comptroller of the Brown and Toledano agencies during Toledano's presidency and thereafter), and Robert Llambias (an accountant for both agencies at the time here involved). The Llambias testimony was given under proffer. In addition, the above mentioned letter of October 2, 1972 and the defendant's letter of resignation were introduced in evidence.
Defendant claims the agreement not to compete was not a part of the original sale *268 contract but was consideration for a later agreement, entered into when he was president of both corporations, whereby he was to receive stock from Mr. Brown in return for his promise not to compete. Claiming he formed his own company because no stock was ever transferred to him, Mr. Toledano testified to that effect. However, other testimony is to the contrary.
The main thrust of defendant's argument in this court is that his agreement not to compete is null and unenforceable under Revised Statutes 23:921 which, in pertinent part, provides:
"No employer shall require or direct any employee to enter into any contract whereby the employee agrees not to engage in any competing business for himself, or as the employee of another, upon the termination of his contract of employment with such employer, and all such contracts, or provisions thereof containing such agreement shall be null and unenforceable in any court." LSA-R.S. 23:921.
We do not agree with the argument. From all of the evidence in the record before us, as did the trial judge on the basis of the evidence before him, we conclude that the defendant's agreement not to compete was a part of the consideration given by him in the sale of all of the stock of the F. Benjamin Toledano Insurance Agency, Inc. Under these circumstances Revised Statutes 23:921 is inapplicable. A reasonable prohibition against competition will be upheld when it is part of the consideration for the sale of a business[2] and in the instant case we find the prohibition to be reasonable.
However, we note that the judgment appealed from sets no time limit. As we find that the agreement was not to compete for a period of five years from the date the defendant left plaintiff's employ, March 13, 1972, we will amend the judgment accordingly.
For the reasons assigned, the judgment appealed from is amended so as to limit the injunction granted to a period of five years from March 13, 1972. As thus amended, and in all other respects, the judgment is affirmed; costs of this appeal to be paid by plaintiff-appellee.
Amended and affirmed.
NOTES
[1] A previous suit instituted by the Toledano agency was dismissed on exceptions of no right or cause of action. See "The F. Benjamin Toledano Insurance Agency, Inc. vs. Ben Toledano d/b/a The Toledano Company", No. 5935 of our docket and handed down this day.
[2] Hirsh v. Miller, La.App., 167 So.2d 539 and cases cited therein. However, see Hirsh v. Miller, 249 La. 489, 187 So.2d 709, which reversed on other grounds.