CLEVELAND J. MARCEL, Sr., Judge Pro Tem.
Plaintiff F. Ben Toledano Insurance Agency appeals the lower court’s maintaining of exceptions of no right or cause of action and dismissing its suit for injunctive relief.[1]
The facts of this case are substantially the same as in Marshall Brown Insurance Agency, Inc. v. F. Benjamin Toledano, Jr. d/b/a “The Toledano Company,” La.App., 292 So.2d 266, No. 5957 of our docket and handed down this day. In substance, the exceptions of no cause or right of action were maintained because plaintiff, The F. Benjamin Toledano Insurance Agency, Inc., was not a party to the “agreement not to compete” signed by Toledano and the Marshall Brown Insurance Agency, and therefore was not the proper party to en-forcé it. We feel a disposition of the Exception of No Cause of Action requires a determination of whether or not the plaintiff corporation was the beneficiary of a stipulation pour autrui and as such entitled to a direct action against the defendant.
The case of Andrepont v. Acadia Drlg. Co., 255 La. 347, 231 So.2d 347, cited by both the plaintiff and the defendant in their briefs, is pertinent in that it cites the Louisiana Civil Code Articles and includes a commentary by Professor G. Denson Smith, as follows:
“Stipulations in favor of third persons (the stipulation pour autrui) are favored in our law. They are specifically authorized in broad terms in Articles 1890 and 1902 of the Civil Code.”
Article 1890 provides:
“A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract can not be revoked.”
Article 1902 provides:
“But a contract in which anything is stipulated for the benefit of the third person, who has signified his assent to accept it, can not be revoked as to the advantage stipulated in his favor without his consent.”
Professor Smith, in a study of the history, legislation and jurisprudence which have formed the doctrine of stipulations in favor of third persons in this state, has enumerated the factors to be considered in deciding whether an advantage for a third *270 person has been provided by a contract between others. They are:
“(1) The existence of a legal relationship between the promisee and the third person involving an obligation owed by the promisee to the beneficiary which performance of the promise will discharge ;
“(2) The existence of a factual relationship between the promisee and the third person, where (a) there is a possibility of future liability, either personal or real on the part of the promisee to the beneficiary against which performance of the promisee will protect the former; (b) securing an advantage for the third person may beneficially affect the promisee in a material way; (c) there are ties of kinship or other circumstances indicating that a benefit by way of gratutuity was intended. See Smith, Third Party Beneficiaries in Louisiana; the stipulation pour autrui, 11 Tulane Law Review 18, 58 (1936).”
The Gateway Barge Line, Inc. v. R. B. Tyler Co., 175 So.2d 867 (La.App.), considering the provisions of the Louisiana Statutes Annotated, C.C. 1890 stated:
“This class of obligations is commonly referred to in this State as an obligation pour autrui. The same rule of construction provided for by Article 3039 applies in the construction of this Article. A contract. pour autrui or for the benefit of third persons must clearly so provide. The third person can enforce the obligation only in cases where the contract shows that it was executed for his benefit.”
In the instant case the petition sets forth language that cannot be construed in any other manner than designative of a stipulation creating an advantage or benefit to the plaintiff corporation; i. e., the defendant would remain president of the corporation, and secondly, that he would not engage in the insurance business for a period of five (5) years. This is borne out by the letter of October 2, 1972, wherein the defendant specifically sets out in clear and unambiguous terms that this was his agreement with J. Marshall Brown for the benefit of plaintiff corporation. These benefits are within the contemplation of the law hereinabove cited and the trial court erred in maintaining the Exception of No Cause of Action.
As to the Exception of No Right of Action, Article 681 of the Louisiana Code of Civil Procedure states:
“An action can be brought only by a person having a real and actual interest which he asserts.”
As cited above, Article LSA-C.C. 1902 provides that once the benefits stipulated for a third person have been accepted, then it cannot be revoked as to the advantage stipulated in his favor without' his consent. Therefore, the benefits inuring to the plaintiff herein, if not revoked, could be enforced by the plaintiff. Under the rationale of the Gateway case, the third person who is the beneficiary of the contract pour autrui has the right to enforce the obligation made for his benefit. Although the pleadings are silent as to any specific acceptance of the benefits by plaintiff corporation, the language contained therein is sufficiently clear to show that defendant had worked as president for plaintiff corporation until he voluntarily terminated his employment on March 13, 1973, and then went into business as “The Toledano Company.” We conclude the plaintiff has a right of action to pursue its cause of action against the defendant.
As the issues involved in the present case were disposed of in Marshall Brown Insurance Agency, Inc. v. F. Benjamin Toledano, Jr. d/b/a “The Toledano Company,” La.App., 292 So.2d 266, No. 5957 of our docket and handed down this day, there appears to be no reason to remand this matter for trial. However, we will remand so that a trial may be had in the event the district judge concludes the same is necessary and proper.
*271 For the reasons assigned, the judgment appealed from is reversed and it is now ordered that the exceptions of no right and no cause of action be dismissed and the matter be remanded to the trial court, all costs to date to be paid by the defendant-appellee.
Reversed and remanded.

. A motion to dismiss plaintiff’s appeal was filed predicated upon the alleged fact that no devolutive appeal bond had been timely filed. The record reflects that plaintiff-appellant had previously filed a suspensive appeal and a bond for that appeal had been timely filed. The suspensive appeal was dismissed and a devolutive appeal was filed using the same bond as the suspensive appeal. This court feels that the bond previously filed was adequate, in full force and effect, and the motion for dismissal of the appeal is without merit.