COLE, Judge.
This is an action for injunctive relief brought by Carl Hodge, d/b/a Crazy Dave’s Fireworks, against Red Rockets Fireworks Company, Inc., and David W. Moore and Daniel H. Aycock, stockholders of Red Rockets, to restrain defendants from using the trade name “Crazy Dave’s Fireworks”. Plaintiff also seeks damages for the allegedly improper use of its trade name. The trial court issued a temporary restraining order and Red Rockets continued to do business under the slightly different trade *681 name of “Crazy Dan’s Fireworks”. The trial court after trial on the merits then issued a permanent injunction enjoining defendants from using the trade name “Crazy Dave’s Fireworks” or any imitation thereof in St. Bernard, St. Tammany, and Washington Parishes. Damages were denied as being speculative. Both plaintiff and defendants have appealed. We reverse the judgment of the trial court in its grant of a permanent injunction, and affirm in its denial of damages.
Moore and Aycock formed a corporation in July 1976 bearing the name Red Rockets Fireworks Company, Inc. The corporation operated as a fireworks importer and seller. In July 1976 Red Rockets opened a fireworks stand in Missouri which was called Crazy Dave’s. The corporation thereafter opened fireworks stands in Arkansas also under the name of Crazy Dave’s. The corporation has advertised widely as Crazy Dave’s in Missouri, Arkansas, and Louisiana.
In December of 1976, Red Rockets hired plaintiff Carl Hodge as an employee to operate a fireworks stand in Slidell, Louisiana as Crazy Dave’s. The stand was placed on land owned by Carl Hodge’s father, David Hodges, near an exit from the Interstate in Slidell.
There are only two seasons in Louisiana in which fireworks stands are operated, near the Christmas season and near the Fourth of July.
In July of 1977, Daniel Aycock, David Moore and Carl Hodges formed a partnership by unwritten agreement to sell Red Rockets fireworks under the name “Crazy Dave’s”. They continued to do business as before on David Hodge’s land, and it appears from some testimony that David Hodge may have been a partner as well.
In December of 1978 Aycock and Moore entered into an agreement to sell the fireworks stand to Carl Hodge. They listed in writing physical items that were included in the verbal agreement of sale, such as the stand and signs, but none of the parties either mentioned or discussed sale of the trade name Crazy Dave’s. A written document was prepared by Carl Hodge’s sister which was signed by Carl Hodge and David Moore, but not by Daniel Aycock, which stated:
“On the 19th of Dec. Crazy Dave’s Firework (sic) was sold to Carl A. Hodge. For the sum of
It appears that the sales price was entered later, as Moore’s copy, which was a carbon copy, contained no sales price.
Carl Hodge continued to operate the stand as Crazy Dave’s, and bought fireworks from Red Rockets, which operated in this case solely as a wholesaler. In the meanwhile, Red Rockets opened retail outlets under the name Crazy Dave’s in Lafayette Parish and Tangipahoa Parish. Also, Carl Hodge opened a fireworks stand in Chalmette under the name Crazy Dave’s. As Carl Hodge continued to purchase Red Rockets fireworks, Red Rockets voiced no objection to Hodge’s use of the trade name Crazy Dave’s. In January 1979 Hodge registered the trade name “Crazy Dave’s” with the Louisiana Secretary of State.
Hodge’s purchases from Red Rockets in preparation for the July 1980 fireworks season dropped off drastically, and on April 9, 1980, Hodge was notified by defendants’ attorney to discontinue use of the trade name Crazy Dave’s. In the July 1980 season, defendants opened a fireworks stand under the trade name Crazy Dave’s near the same Slidell exit where Hodge operated a fireworks stand under the same name. Hodge and defendants both advertised under the same business name and the advertisements could easily have caused confusion among potential customers. In any event, Hodge’s business dropped off substantially. As a result, Hodge filed the present suit.
The trial court found, as do we, that the December 1978 sale from the partnership to Hodge did not constitute a transfer of the trade name Crazy Dave’s. The trade name was not specifically mentioned or transferred. The written document prepared by Hodge’s sister did not mention a *682 transfer of the trade name, and it is of doubtful efficacy, as it was not signed by Daniel Aycock, who was one of the vendor partners. A trade name and good will must be expressly transferred to effect a transfer of those items. Metalock Corp. v. Metal-Locking of Louisiana, Inc., 260 So.2d 814 (La.App. 4th Cir. 1972), writ refused 262 La. 189, 262 So.2d 788 (1972). As the trade name Crazy Dave’s was never expressly transferred, Red Rockets continued to hold that name.
The registry of the trade name Crazy Dave’s by Hodge with the Louisiana Secretary of State conferred no exclusive right upon Hodge to use of the trade name Crazy Dave’s. The registry of a trade name with the state confers only procedural advantages, and confers no substantive rights. Givens Jewelers, Inc. v. Givens, 380 So.2d 1227 (La.App.2d Cir. 1980), writ refused 383 So.2d 800 (1980). Thus, the registry did not create substantive rights not earlier existing in Hodge, or divest Red Rockets of its substantive rights.
Hodge seeks to enjoin Red Rockets from use of the trade name Crazy Dave’s, although Red Rockets was the first to use that name. However, even if the second user (in this case Hodge) of a trade name registers a trade name or trademark with the state (as did Hodge), the second user cannot obtain an injunction against use of the name by the previous user. Givens Jewelers, supra. Thus, Hodge cannot properly obtain an injunction against Red Rockets’ use of the trade name Crazy Dave’s, as Red Rockets was the first to use the name.
Red Rockets did not use the trade name Crazy Dave’s in Slidell in the December 1978, and July and December 1979 fireworks seasons. However, that failure to use the name cannot be considered an abandonment of the trade name. The period was too brief. Also, Hodge was operating the stand more or less as Red Rockets’ retail outlet, and used the trade name in much the same way as many dealers might use the trade or brand name of the manufacturer. Furthermore, with certain exceptions not here pertinent, an intent of the original user to abandon use of the trade name must be shown. Sheila’s Shine Products, Inc. v. Sheila Shine, Inc., 486 F.2d 114 (5th Cir. 1973); Tillamook County Creamery Assn. v. Tillamook Cheese and Dairy Assn., 345 F.2d 158 (9th Cir.), cert. den., 382 U.S. 903, 86 S.Ct. 239, 15 L.Ed.2d 157 (1965). See also, 3 A.L.R.2d 1265, Trademark or Trademark Abandonment. Here, it is quite apparent there was no intent to abandon. As a matter of fact, Red Rockets continued to operate stands under the trade name Crazy Dave’s in Lafayette Parish and Tan-gipahoa Parish, which latter parish, we note, is immediately adjacent to St. Tammany Parish, in which Slidell and the fireworks stand in question is located. Nor does the testimony reveal any intent on the part of Red Rockets to abandon the trade name Crazy Dave’s.
We, therefore, hold that Red Rockets was improperly enjoined from use of the trade name Crazy Dave’s Fireworks. As we so hold, we need not consider the right of Hodge to obtain damages.
The judgment of the trial court is reversed and vacated, and the permanent injunction issued by that court is dissolved and set aside, all costs to be paid by plaintiff Carl Hodge.
REVERSED.