GOTHARD, Judge.
This suit for injunctive relief and damages was brought by Joan D. and Joseph A. Barrera and Suzanne S. and Douglas H. Boudreaux, operators of Ciolino Pharmacy on West Esplanade, in Metairie, against Mary F. and Felix J. Ciolino, former owners of the pharmacy, to restrain the defendants from using the name “Ciolino’s Pharmacy” in a new store to be opened on Veterans Boulevard.
The Barreras and Boudreauxs had purchased the West Esplanade business and entered into a lease with the Ciolinos on July 7, 1977. The Act of Credit Sale of Business and Chattel Mortgage recited that the transaction was for:
I. The trade, business and asset known as “Ciolino Pharmacy,” together with all the good will thereof, located at 4650 West Esplanade Avenue, Metairie, Louisiana; ...”
The sale included all the movables and property of the business, that is the entire stock of merchandise and specifically listed furnishings and fixtures. Also appearing in the Act was a provision near the end of the agreement regarding the trade name in question:
It is agreed that purchasers shall have the right to use the business name of “Ciolino Pharmacy” for the conduct of their business at 4650 West Esplanade Avenue, Metairie, Louisiana, including the right to use same on any signs, prescriptions, labels or any form of advertising, until such time that vendor gives to purchaser six months prior advance notice to cease and desist with the use of said business name of “Ciolino Pharmacy”. Should purchaser use the said business name after notice to cease and desist has been given as hereinbefore provided, the purchasers agree to pay vendors, as liquidated damages, the sum of $100.00 per day for as long as such violation shall continue, in addition to reasonable attorney fees for the institution and prosecution of any necessary action by vendors to enjoin the unauthorized use of said business name.
On August 13, 1987, the Ciolinos notified the plaintiffs by certified mail that they must cease using the same Ciolino Pharmacy six months from that date, in accordance *914 with the contract. The plaintiffs filed this suit on September 11, 1987, to which the defendants reconvened, demanding penalties, damages, attorney's fees and costs. On September 18, 1987 the defendants also filed a separate petition for injunctive relief and damages, which was ordered consolidated with plaintiffs’ case. A preliminary injunction was issued against the Ciolinos on October 22, 1987. Trial was held on February 4, 5, and 8, 1988 before Judge Lionel Collins, who took the matter under advisement after requesting post trial memoranda. Upon his untimely death, the parties asked the successor judge to render judgment, based on the transcripts and record, in accordance with LSA-R.S. 13:4209.
The court signed a judgment on October 10, 1991 in favor of the plaintiffs, which decreed the following: that the plaintiffs were the sole and rightful owners of the trade name “Ciolino Pharmacy;” that the subsequent trade name registration of “Ciolino Pharmacy” and corporate registration, “Ciolino Pharmacy, Inc.” by Felix Ciolino were null and void and without effect; that the preliminary injunction against the defendants was made permanent; that the reconventional demand of the Ciolinos was dismissed and all court costs assessed against the defendants; and that all other damage requests by the parties were denied. The court’s reasons for judgment were: that the trade name was included in the good will and sold in the original sale; that the name reservation clause, quoted above, was void and inconsistent with the sale and was a resolutory condition under LSA-C.C. art. 1770; that the right to enforce the provision prescribed as a personal right after ten years; and that equity and reasonableness will not allow the court to enforce such an onerous condition.
The appellant asks this court to consider: 1) whether the trade name was included in the good will and sold at the original sale; 2) whether the court erred in finding that the name reservation clause was void and inconsistent with the sale; and 3) whether the court erred in failing to award liquidated damages and attorney’s fees to the plaintiffs in reconvention.
We believe the trial court’s decree that the sale included the trade name is correct. The written sales contract specifically transfers all movables and property, the entire stock of merchandise, and a detailed list of appliances and fixtures. Additionally, the document transfers “(t)he trade, business and asset known as ‘Ciolino Pharmacy,’ together with all the good will thereof ...” for a total price of $1,350,000.
The record indicates that the amount paid for the good will of the business, over and above the value of the physical assets was $827,000. Good will includes every positive advantage acquired, arising out of the business of the old firm, whether connected with the premises where it was carried on, with the name of the old firm, or with any other matter carrying with it the benefit of the business of the old firm. J. Alfred Mouton, Inc. v. Hebert, 199 So. 172 (La.App. 1st Cir.1940); Karageorge v. Cole, 565 So.2d 502, 510 (La.App. 2nd Cir.1990).
A trade name and good will must be expressly transferred to effect a transfer of those items. Metalock Corp. v. Metal-Locking of Louisiana, Inc., 260 So.2d 814 (La.App. 4th Cir.1972) writ refused 262 La. 189, 262 So.2d 788 (1972); Hodge v. Red Rockets Fireworks Co., Inc., 409 So.2d 680 (La.App. 1st Cir.1981).
LSA-C.C. art. 2025 defines interpretation of a contract as the determination of the common intent of the parties. We believe in this instance the clear intention of the parties was to convey the name “Ciolino Pharmacy” to the purchasers.
The record before us shows that Mr. Ciolino sold the business in 1977 and retired for a short time. He then came out of retirement to act as a consultant to other pharmacies in direct competition with Ciolino Pharmacy and in 1987 decided to open a new pharmacy with his son. It was at this time that he registered the name “Ciolino Pharmacy” and began construction on a new store. This action naturally created much confusion in the community since Mr. Barrera and Mr. Boudreaux had built a strong reputation and a high volume operation at the original Ciolino Pharmacy in the ten years since the purchase.
*915 At the time of the sale in 1977 Mr. Cioli-no’s intent was to sell his business and retire. Mr. Barrera and Mr. Boudreaux intended to buy an established business and make it grow. The price was $1,350,-000 which included $827,000 for good will and the name “Ciolino Pharmacy.”
We also find the trial court correctly held the reservation clause located on page 6 of the sales document is in conflict with the sales agreement. There is sufficient evidence in the record to conclude that Mr. Ciolino, at the time of the sale, was concerned that his name could be defamed if the purchasers conducted the business in an illegal manner. His intent was to protect his family name, should it become necessary, not to exclude the trade name from the sale.
Because we find the name “Ciolino Pharmacy” was purchased by Mr. and Mrs. Barrera and Mr. and Mrs. Boudreaux, we deem it unnecessary to comment on the remaining issues raised by the appellant.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellants.
AFFIRMED.
WICKER, J., concurs.
WICKER, J., concurs in the decree but does not necessarily agree with all of the reasons contained in the majority opinion.