IzCANNELLA, Judge.
Defendants, Mary and Felix Ciolino, appeal from the dismissal of their motion for summary judgment relative to their claim for liquidated damages and attorney fees against plaintiffs, Joan and Joseph Barrera and Suzanne and Douglas Boudreaux. We affirm.
The merits of this case involve a dispute over the use of the name “Ciolino’s Pharmacy.” The trial judge found in favor of plaintiffs and this court affirmed the trial court, with one judge concurring. Barrera v. Ciolino, 606 So.2d 912 (La.App. 5th Cir.1992). The case was reversed by the Louisiana Supreme Court in Barrera v. Ciolino, 92-2844 (La. 5/5/94); 636 So.2d 218. The facts are stated in the Louisiana Supreme court decision, Barrera v. Ciolino, 636 So.2d at 219-221, in pertinent part, as follows:
IsFelix Ciolino, a licensed pharmacist for over forty years, opened the Ciolino Pharmacy in Metairie in 1974. On July 7,1977, by written act of sale and chattel mortgage for the single, non-itemized, all-credit price of $1,350,000, he and his wife sold to pharmacists Joseph A. Barrera and Douglas H. Boudreaux (who worked in the Ciolino Pharmacy) and their wives the following:
I. The trade, business and asset known as “Ciolino Pharmacy”, together with all the good will thereof, located at 4650 West Esplanade Avenue, Metairie, Louisiana;
II. All of the movables and property of the said business ... described as follows:
(1) The entire stock of merchandise. ...
(2) Carrier Air Conditioner Unit and Compressors (25 tons) [and fixtures, equipment, furniture, furnishings, etc., described in detail, plus 30,000 prescriptions on file].
The typewritten act further provided in the last paragraph:
It is agreed that purchasers shall have the right to use the business name of “Ciolino Pharmacy” for the conduct of their business at 1650 West Esplanade Avenue, Metairie, Louisiana, including the right to use same on any signs, prescriptions, labels or any form of advertising, until such time that vendor gives to purchaser six months prior advance notice to cease and desist with the use of said business name of “Ciolino Pharmacy.” Should purchaser use the said business name after notice to cease and desist has been given as hereinbe-fore provided, the purchasers agree to pay vendors, as liquidated damages, the sum of $100.00 per day for as long as such violation shall continue, in addition to reasonable attorney fees for the institution and prosecution of any necessary action by venders to enjoin the unauthorized use of said business name.
The buyers thereafter made some use of the name Ciolino Pharmacy, but at least as early as 1982 the name used in their full-page newspaper advertisements was not “Ciolino Pharmacy,” but “Ciolino B & B Pharmacy.”
On August 13,1987, more than ten years after the sale, the Ciolinos gave the Bar-reras and Boudreauxs a six-month notice to cease using the name Ciolino Pharmacy. In the meantime Felix Ciolino had formed, a corporation named Ciolino Pharmacy, Inc. and had registered Ciolino Pharmacy as a trade name. And shortly after giving the notice to cease using the name Ciolino Pharmacy, he placed a sign advertising “Ciolino Pharmacy open soon” on a building on Veterans Boulevard in Metairie.
|40n September 11, 1987, the Barreras and Boudreauxs sued to enjoin the Ciolinos from using the name Ciolino Pharmacy. The Ciolinos reconvened for a declaratory judgment declaring (1) that the contract gave the buyers only a non-exclusive right to use the name (even during the contract’s six-month notice period); (2) that that right would terminate on February 13, 1988, six months after the notice; and (3) that the buyers must pay the liquidated damages of $100 for every day thereafter they use the name, plus attorneys’ fees if action to enjoin becomes necessary.
*967 On October 22, 1987, the district court preliminarily enjoined the Ciolinos from using the name Ciolino Pharmacy.
On October 29, 1987, at the Veterans Boulevard site, Ciolino and his pharmacist son Steven opened “C’s Discount Pharmacy ...”
Judgment was rendered (1) declaring buyers “the sole and rightful owners of the trade name ‘Ciolino Pharmacy”’; (2) declaring invalid the Ciolinos’ registration of the trade name Ciolino Pharmacy and the corporate name Ciolino Pharmacy, Inc.; (3) permanently enjoining the Ciolinos “from using the name ‘Ciolino Pharmacy in any commercial capacity”; and (4) dismissing the Ciolinos’ demand for declaratory judgment.
[Emphasis added; footnotes omitted]
In the decree of the Louisiana Supreme court decision, the court stated:
The judgments of the lower courts are therefore reversed, and, effective immediately, the injunctions against the Ciolinos and invalidation of their trade and corporate name registrations are annulled. The matter is remanded to the trial court to issue an injunction against the Barreras and Boudreauxs in accordance with the contract, and to consider the Ciolinos’ claims for contractual liquidated damages and for attorney fees for any necessary injunctive action, and for assessment of costs.
Barrera v. Ciolino, 636 So.2d at 225-226.
However, in footnote 21, the Louisiana Supreme Court commented that:
The Ciolinos may have abandoned their claim for liquidated damages. In oral argument counsel for the Ciolinos stated: “I’m not here for money. I’ve had no monetary discussions with my clients other than about the fee arrangements, but they want their name back. They don’t want the penalty; that’s not what we’re here for.”
Barrera v. Ciolino, 636 So.2d at 226.
On April 25, 1995, after remand from the Louisiana Supreme Court, defendants filed a Motion for Summary Judgment for liquidated damages of $227,200, attorneys fees and costs pursuant to the contract. The motion was heard on May 30, 1995 and denied by judgment on May 31,1995. The trial | sludge found that plaintiffs never used the name in an unauthorized manner, as contemplated by the parties, and that the claim was waived by defendants through their counsel in oral argument before the Louisiana Supreme Court. The trial judge also found that defendants never obtained an injunction against plaintiffs and therefore, were not entitled to attorneys fees under the contract.
On appeal, defendants first assert that the trial judge erred in denying the Motion for Summary Judgment. They contend that the language of the contract is clear that the failure of plaintiffs to cease using the “Cioli-no Pharmacy” name after being given six months notice is a violation of the contract and triggers the liquidated damages provision. Second, they contend that the injunction that plaintiffs obtained should not be permitted to invalidate the clear terms of the contract, especially since the Louisiana Supreme Court held that plaintiffs did not have the right to use the name past the six month notice period. Third, defendants contend that they did not waive the right to liquidated damages. Fourth, they assert that the contract entitles them to attorneys fees and costs.
LIQUIDATED DAMAGES
Defendants contend that the contract is clear and unambiguous that plaintiffs must pay liquidated damages at the rate of $100 per day for each day they use the name after the six month notice period ended. They assert that under La.C.C. art. 2046, when the words of a contact are clear and unambiguous and do not lead to absurd consequences, the courts are prohibited from further interpretation in search of the parties intent. They argue that the letter of the clause of a contract should not be disregarded under the pretext of pursuing its spirit. Further, defendants assert that a party who signs a contract is bound to read it and know its contents and the failure to do so does not relieve him from liability for breach of the contract.
*968 The liquidated damages provision of the contract states:
It is agreed that purchasers shall have the right to use the business name of “Ciolino Pharmacy” for the conduct of their | ebusiness at 4650 West Esplanade Avenue, Metairie, Louisiana, including the right to use same on any signs, prescriptions, labels or any form of advertising, until such time that vendor gives to purchaser six months prior advance notice to cease and desist with the use of said business name of “Ciolino Pharmacy.” Should purchaser use the said business name after notice to cease and desist has been given as hereinbefore provided, the purchasers agree to pay vendors, as liquidated damages, the sum of $100.00 per day for as long as such violation shall continue, in addition to reasonable attorney fees for the institution and prosecution of any necessary action by vendors to enjoin the unauthorized use of said business name.
We agree that defendants did not waive their rights to liquidated damages and attorneys fees in counsel’s argument before the Louisiana Supreme Court. Counsel’s statement was made in the heat of argument. Furthermore, the only issue there was the right to use the name, not whether or not defendants were entitled to liquidated damages and attorney fees.
We also agree with defendants that the liquidated damages provision is clear and unambiguous. Contracts are the law between the parties. Under the contract, plaintiffs are bound to pay liquidated damages for each day that they used the name after six months from the notice to cease and desist. However, plaintiffs obtained a judgment in district court declaring that they had the right to use the name, within the six month notice period. That declaration of right was affirmed on appeal. We disagree with defendants that the court action did not supersede the words of the contract. Interpretation of the contract was the disputed issue in that court action and plaintiffs had the right and duty to rely on the decisions of the courts. Thus, we find that, until the Louisiana Supreme Court reversed the trial and appellate court decisions, plaintiffs were entitled to use the name. In addition, plaintiffs immediately stopped using the name when the Louisiana Supreme Court ruled. Consequently, we find that plaintiffs do not owe liquidated damages since they used the name only during periods that they were entitled to under the contract or by judicial decree. Thus, the trial judge did not err in denying the motion for summary judgment and dismissing plaintiff’s claim for liquidated damages.
|-ATTORNEYS fees AND COSTS
Defendants do not present any argument related to costs. Nevertheless, we note that the division of costs is within the discretion of the trial judge. We find no abuse of that discretion in easting each party for their own costs.
The attorney fees provision states:
... Should purchaser use the said business name after notice to cease and desist has been given as hereinbefore provided, the purchasers agree to pay vendors, as liquidated damages, the sum of $100.00 per day for as long as such violation shall continue, in addition to reasonable attorney fees for the institution and prosecution of any necessary action by vendors to enjoin the unauthorized use of said business name
Thus, plaintiffs agreed to be liable for attorneys fees if defendants were forced to institute and prosecute legal action to enjoin plaintiffs from using the name. Following defendants’ six month notice to plaintiffs, but before the end of the six months, plaintiffs instituted litigation over the use of the name. Defendants answered the petition and filed a reconventional demand. A petition for injunction was filed separately by “Ciolino Pharmacy, Inc.”. Since the contract was between the plaintiffs and defendants individually, only those parties have the right to enforce its provisions (attorney fees). Although it can be argued that the word “enjoin” in the attorneys fees provision of the contract can be given a common and broader meaning, we find that it means that defendants are entitled to attorneys fees if they filed for an injunction. Furthermore, this *969 contract was written by defendants and any ambiguity must be interpreted against them. La.C.C. art. 2056. At no stage of the proceedings did defendants file a petition for, or obtain, an injunction. In the reconventional demand, defendants asked the court to declare three things. In (3), they state that they should be paid “... reasonable attorney’s fees, damages and all costs that may he necessary to enjoin the use of the name ‘Ciolino Pharmacy ...” They do not ask that an injunction issue. Thus, we find that the trial judge did not err in denying defendants’ request for attorney fees and in denying the motion for summary | ¿judgment relative to this request.
Accordingly, we hereby affirm the judgment of the trial court denying the motion for summary judgment.
Each party is to bear their own costs of appeal.
AFFIRMED.